**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Elwyn Earl WEATHERS, Defendant-Appellant.**

**No. 79–1011.**

United States Court of Appeals, Tenth Circuit.

Argued Feb. 14, 1980.

Decided March 25, 1980.

Tova Indritz, Asst. Federal Public Defender, Albuquerque, N. M., for defendant-appellant.

Margo J. McCormick, Asst. U. S. Atty., Albuquerque, N. M. (R. E. Thompson, U. S. Atty., and Robert Bruce Collins, Asst. U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellee.

Before McWILLIAMS, DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

This case would not amount to much except for the creative analysis of appellant's counsel. The defendant was indicted and convicted on five separate counts relating to a series of bank robberies. The case was tried to the court sitting without jury on the sole question of whether the defendant was criminally responsible, under the standard of *Wion v. United States*, 325 F.2d 420 (10th Cir. 1963), *cert. denied*, 377 U.S. 946, 84 S.Ct. 1354, 12 L.Ed.2d 309 (1964), when he committed the acts alleged in the indictment. Both sides submitted expert and lay testimony on the issue. Notwithstanding a pretrial hearing and determination that defendant was mentally competent to stand trial, the court sua sponte ordered a second examination and report on the same issue three days after submission of the case. Approximately a month later the trial court, again sua sponte, ordered a further examination and report by an independent expert on the issue of defendant's sanity at the time of the offense. After receipt of the reports, the court found defendant guilty and made appropriate findings of fact.

The defendant argues that the court's post-submission decision to seek further psychiatric testimony on the issue of sanity at the time of the offense shows that the court had a reasonable doubt on that issue, which could not have been resolved by the later reports. We have reviewed the record and the court's findings and do not believe that an inference of reasonable doubt must be drawn. The court's findings refer only to the abundant evidence before it at submission, which satisfied all elements of the *Wion* test. If any inference is suggested by this record, it is that the trial court felt very sympathetic to the defendant and hoped to find in the supplemental reports some mitigating information. The reports, however, provided nothing new.

We agree with the defendant that the court should not act as prosecutor. It is not the court's duty to fill in the gaps in the prosecution's case if they exist. However, since the court did not rely on the post-trial psychiatric reports, any error in the sua sponte appointment of a psychiatrist was harmless.[1] *See* Fed.R.Evid. 103(a).

AFFIRMED.

---

1. There is serious doubt whether the procedure employed by the trial court in seeking additional expert testimony comported with the requirements of Fed.R.Evid. 706, which was designed in part to lessen the risk that the adversary system would be encroached upon by a judge's assumed inquisitorial power. *Cf.* DeParq, *Law, Science and the Expert Witness*, 24 Tenn.L.Rev. 166, 171 (1956). Rule 706 is ordinarily "invoked considerably before trial since to comply with subdivision (a) there must be time for (1) a hearing on the order to show cause, (2) consent by the designated expert, (3) notification of the expert of his duties either in writing or at a conference, and (4) findings by the expert which (5) must be communicated to the parties." 3 *Weinstein's Evidence* ¶ 706[02] (1978). *See also United States v. Green*, 544 F.2d 138, 146, 146 n.16 (3d Cir. 1976), *cert. denied*, 430 U.S. 910, 97 S.Ct. 1185, 51 L.Ed.2d 588 (1977) (*ex parte* contacts between judges and their appointed experts should be avoided). More liberal provisions for appointing experts would not apply here. For instance, 18 U.S.C. § 4244 covers only those cases where capacity to stand trial is at issue. *See United States v. Reifsteck*, 535 F.2d 1030, 1033 (8th Cir. 1976); *United States v. Albright*, 388 F.2d 719, 722 (4th Cir. 1968).