MARY SWILLING v. WILLARD SWILLING

No. 379PA90

(Filed 12 June 1991)

1. **Evidence § 47 (NCI3d)— expert appraiser—appointed by court—appointment proper—compensation**

    A real estate appraiser was properly appointed as an expert witness in an equitable distribution action, was properly permitted to testify, and was entitled to compensation where, even though the trial judge did not enter an order to show cause why an expert should not be appointed, the language of the order sufficiently put the parties on notice that the court would appoint an appraiser if the parties did not respond to the court with the name of a mutually acceptable appraiser within 48 hours. This was a show cause order within the meaning of N.C.G.S. § 8C-1, Rule 706(a).

    **Am Jur 2d, Divorce and Separation §§ 587, 942.**

2. **Witnesses § 10 (NCI3d)— equitable distribution—court appointed appraiser—report supplied to defendant on morning of hearing—defendant to share costs**

    A defendant in an equitable distribution action was required to pay half of a court appointed appraiser's fee even though he did not receive the report until the morning of the hearing where he did not show that he was prejudiced by not receiving a copy of the appraisal earlier. Defendant's attorney stated during the hearing that he had no objection to the witness giving testimony and he fully cross-examined the witness on his appraisal.

    **Am Jur 2d, Divorce and Separation §§ 587, 942.**

**3. Appeal and Error § 177 (NCI4th) — equitable distribution — appeal — expert witness fee — authority of trial court**

An amended order of the trial court taxing a court appointed appraiser's fees as costs, entered after appeal was perfected, merely reiterated prior orders. Even if the amended order was void for lack of jurisdiction, the court's previous orders requiring each party to pay half still stand.

**Am Jur 2d, Divorce and Separation §§ 587, 942.**

**4. Witnesses § 10 (NCI3d) — court appointed appraiser — amount of fee — reasonable**

The amount of the fee the parties were ordered to pay to a court appointed appraiser in an equitable distribution action was held reasonable upon a review of his testimony. Because defendant had the opportunity at trial to examine the appraiser about the source of or justification for his fee and failed to do so, he waived his right to contend on appeal that the trial court erred by failing to make findings on these matters. N.C.G.S. § 8C-1, Rule 706(b).

**Am Jur 2d, Divorce and Separation §§ 587, 942.**

ON discretionary review pursuant to N.C.G.S. § 7A-31 of the decision of the Court of Appeals, 99 N.C. App. 551, 393 S.E.2d 303 (1990), reversing the order of equitable distribution entered by *Roda, J.*, filed on 2 June 1989 in District Court, BUNCOMBE County. Heard in the Supreme Court on 11 March 1991.

*No counsel contra.*

*Riddle, Kelly & Cagle, P.A., by E. Glenn Kelly, for defendant-appellant.*

MARTIN, Justice.

Plaintiff filed this action seeking a divorce, alimony, and an equitable distribution of marital property in the District Court, Buncombe County, on 5 August 1987. A judgment granting an absolute divorce was entered 10 May 1988, and after hearings before Roda, J., in February and March of 1989, an equitable distribution order was entered on 2 June 1989. Both plaintiff and defendant appealed to the Court of Appeals, which reversed the equitable distribution order. This Court granted defendant's petition for discre-

tionary review of the Court of Appeals' holding with respect to the appointment of a certain expert witness during the equitable distribution proceedings and the taxing of the witness's fees to the parties.

On 10 May 1988, the judgment for absolute divorce between plaintiff and defendant was entered in Buncombe County. The present equitable distribution cause of action was calendared several times for hearing during 1988, but it was continued each time. On 11 October 1988, an order was filed further continuing the case because of the illness of the defendant. This order, *inter alia*, appointed a receiver for the marital property, provided that defendant pay an alimony arrearage, ordered that each party disclose and deliver to the other party a copy of a recent tax return, and, particularly relevant to the instant appeal, ordered:

> 7. That an appraiser be appointed and that should Plaintiff and Defendant agree on an appraiser, the Court will appoint said appraiser; otherwise, if the Court has not heard from the parties within 48 hours from the date hereof, the Court will appoint an appraiser of its choice, which said appraiser shall be a duly qualified real estate [sic] and an MIA practicing in Buncombe County, North Carolina, and that said appraiser shall appraise all properties of the Plaintiff and Defendant and shall furnish a copy of the appraisal to the Plaintiff and the Defendant on or before November 1, 1988. That **J.R. Byerly** is hereby appointed to appraise the marital property, **his fees to be equally divided between the parties.**

The foregoing words in bold type were added in handwriting and were initialed, "G.S.C.," apparently indicating the initials of Gary S. Cash, the judge presiding who signed the order at its close with his full name.

On 22 February 1989, the equitable distribution matter came on for hearing in Buncombe County District Court with the Honorable Peter L. Roda, Judge Presiding. The first witness to testify was James R. Byerly, the appraiser appointed pursuant to the order partially reproduced above. Byerly was first examined by plaintiff's attorney, Wade Hall, followed by defendant's attorney, Robert Riddle. The court found Mr. Byerly to be an expert in the field of real estate appraisals. The following colloquy then occurred:

SWILLING v. SWILLING

[329 N.C. 219 (1991)]

MR. RIDDLE: Judge, could we make this entry? I notice in the Court's order, the Court had specified that the court-appointed appraiser would be a member of the Institute of Appraisers, and I gather from what Mr. Byerly is saying that is not the case.

I certainly have no objection to Mr. Byerly giving testimony as an appraiser, but I would not want there to be any presumption that he is doing this pursuant to the Court's order and that he does not meet the requirements of the Court's order, apparently.

THE COURT: Well, he was appointed by the Court to appraise the property. I think at this late date I'll find that he is an expert, and Judge Cash specifically appointed him on October 11, 1988.

At the end of this discussion, Mr. Hall resumed questioning the witness, who proceeded to give his opinion about the value of various properties owned by the plaintiff and the defendant. Mr. Riddle followed with cross-examination during which he established that Mr. Byerly did not provide a copy of his appraisal report to Mr. Riddle until the morning of the hearing. After extensive re-direct and re-cross examination of this witness, the court ordered the appraiser's fee of $5,500 be paid "since he is a court-appointed appraiser." Defendant objected to the amount of the fee. The Court also remarked that Byerly would "have to get paid for today. He's been here four hours."

Subsequent to the hearing an equitable distribution order was filed on 2 June 1989. Plaintiff and defendant appealed. On 9 August 1989 Judge Roda entered an "Amended Order" requiring the parties to split equally a $5,750.00 fee to be paid to Mr. Byerly, an amount consisting of $250.00 for testifying during the hearing[1], and $5,500.00 for services rendered in appraising the properties. See N.C.G.S. §§ 7A-305(d) and 314 (1989).

---

1. The trial court erroneously awarded Byerly the fee of $250.00 for testimony Byerly gave during the hearing itself. There is no evidence of record that Byerly testified pursuant to subpoena, and therefore he is not entitled to any fee for testimony given during the hearing. N.C.G.S. § 7A-314 (1989); *State v. Johnson*, 282 N.C. 1, 26-28, 191 S.E.2d 641, 658-59 (1972).

## SWILLING v. SWILLING

[329 N.C. 219 (1991)]

[1] Defendant-appellant first argues that because witness Byerly was improperly appointed under North Carolina Rule of Evidence 706(a), he should not have been permitted to testify, nor is he entitled to any compensation under Rule 706(b). N.C.G.S. Chapter 8C, Rule 706 (1988). This rule provides:

Rule 706. Court appointed experts

   (a) *Appointment.* — The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint witnesses of its own selection. An expert witness shall not be appointed by the court unless he consents to act. A witness so appointed shall be informed of his duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of his findings, if any; his deposition may be taken by any party; and he may be called to testify by the court or any party. He shall be subject to cross-examination by each party, including a party calling him as a witness.

   (b) *Compensation.* — Expert witnesses so appointed are entitled to reasonable compensation in whatever sum the court may allow. The compensation thus fixed is payable from funds which may be provided by law in criminal cases and civil actions and proceedings involving just compensation for the taking of property. In other civil actions and proceedings the compensation shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs.

N.C.G.S. Chapter 8C, Rule 706 (1988).

Defendant argues, and the Court of Appeals agreed, that the trial judge did not enter an order to show cause why the expert witness should not be appointed; therefore, the expert was not properly appointed pursuant to Rule 706(a). We note that defendant did not object to the order appointing Mr. Byerly. Nevertheless, we hold that the language of the order of 11 October 1988 sufficiently put the parties on notice that the court would appoint an appraiser if the parties did not respond to the court with the name

of a mutually acceptable appraiser within forty-eight hours of 11 October 1988. This was a show cause order within the meaning of Rule 706(a). It follows that because Byerly was appointed in accord with Rule 706(a), he was properly allowed to testify and was entitled to reasonable compensation under Rule 706(b). *See also* N.C.G.S. § 6-1 (1986); N.C.G.S. § 7A-314(d) (1989). *Cf. City of Charlotte v. McNeely*, 281 N.C. 684, 190 S.E.2d 179 (1972).

[2] Defendant next argues that he should not have to pay any of Byerly's fee because Byerly failed to supply the defendant with his findings or a report of his appraisal until the morning of the hearing. Defendant argues that this belated delivery of his findings violated Rule 706(a) and the 11 October 1988 order requiring the appraiser to furnish a copy of his report to the plaintiff and defendant on or before 1 November 1988. *See United States v. Weathers*, 618 F.2d 663 (10th Cir.), *cert. denied*, 446 U.S. 956, 64 L. Ed. 2d 814 (1980) (stating that Federal Rule 706 is usually invoked before trial since there must be time for a hearing on an order to show cause, consent by the expert, notifying the expert of his duties, and findings to be communicated to the parties).

Defendant received the appraisal before the hearing began. By virtue of the 11 October order, defendant knew that Byerly was to supply him with a copy of the appraisal on or before 1 November 1988. There is no evidence that defendant moved for an order to compel Byerly to supply him with the appraisal report after this date came and went. There is no indication in the record that the defendant's failure to receive the appraisal report prior to the morning of the hearing in any way affected his ability to cross-examine this witness or to impeach his credibility. In fact, as mentioned above, defendant's attorney stated during the hearing that he "certainly had no objection to Mr. Byerly giving testimony as an appraiser." Defendant fully and completely cross-examined Byerly on his appraisal of the properties during the equitable distribution hearing. Therefore, we hold that defendant has failed to show that he was prejudiced by the failure to receive a copy of the appraisal before the morning of the hearing.

[3] Defendant next argues that the trial court had no authority to enter the amended order on 9 August 1989 which expressly taxed Byerly's witness fees as costs, with one-half payable by each party, for the reason that the parties had given notice of appeal

SWILLING v. SWILLING

[329 N.C. 219 (1991)]

from the judgment on 2 June 1989, and therefore, the trial court had no jurisdiction to enter this order.

North Carolina General Statute § 1-294 provides in pertinent part that "[w]hen an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein . . . ." N.C.G.S. § 1-294 (1983). While an appeal is not perfected until it is actually docketed in the appellate division, a proper perfection relates back to the time of the giving of the notice of appeal, rendering any later orders or proceedings upon the judgment appealed from void for want of jurisdiction. *Lowder v. Mills, Inc.*, 301 N.C. 561, 581, 273 S.E.2d 247, 259 (1981) (vacating orders approving fees and expenses which orders were entered after notice of appeal was given). Although it is true that the parties duly perfected this appeal, and therefore the court's amended order of 9 August 1989 purporting to tax Byerly's fees to the parties would appear to be void, we note that this written order merely reiterated the court's prior orders of 11 October 1988 and 22 February 1989. As such, it is mere surplusage, and even if the 9 August order were void for lack of jurisdiction, the court's previous orders requiring each party to pay half of the compensation to be awarded to Byerly still stand.

[4] Finally, defendant contends that the amount of the witness fee was not "reasonable" within the meaning of Rule 706. Defendant contends that the trial court failed to make findings concerning (1) how much time Byerly spent in appraising the property; (2) Byerly's skills; (3) Byerly's hourly rate for appraisals; (4) the reasonableness of his hourly rate in comparison with other appraisers; and (5) what Byerly did. The hearing transcript reveals that at the time the court approved payment of Byerly's appraisal fee, the plaintiff's attorney asked the court the following:

> MR. HALL: I just wanted to know if Your Honor wanted to know at this time how much time he spent or anything of that nature. If Mr. Riddle wants to examine him as far as the bill is concerned. I just wanted to try to get that part of it out of the way. I realize we've got to pay half of it. We have no question about it. We're willing to pay our half, but I want to get it out before the Court at this time. So Mr. Byerly won't have to come back.

ROGERS v. T.J.X. COMPANIES

[329 N.C. 226 (1991)]

The court did not respond to this question directly. However, when Mr. Riddle, defendant's attorney, then proceeded to examine Byerly he failed to question him in any way with respect to the source of or justification for Byerly's appraisal fee. Because defendant had the opportunity to so examine the witness, we hold that he waived his right to contend on appeal that the trial court erred by failing to make findings on these matters. Upon review of all of Byerly's testimony during the hearing, we hold that the trial court properly ordered the parties to pay Byerly reasonable compensation in the amount of $5,500.00 for appraisal services as part of the costs. N.C.G.S. Chapter 8C, Rule 706(b) (1988).

The Court of Appeals erroneously held that the witness was not appointed in accord with N.C.G.S. Chapter 8C, Rule 706(a) and further erroneously held that the witness was entitled to a fee for testifying when not under subpoena. The Court of Appeals properly held that the trial court did not err in requiring the parties to pay reasonable compensation to the witness in the amount of $5,500.00 for services he rendered in appraising the marital property.

Affirmed in part, reversed in part.