KENNETH WAYNE VADEN, Plaintiff v. KATHLEEN MARIE DOMBROWSKI and DAVID JOHN DOMBROWSKI, Defendants

No. COA07-51

(Filed 4 December 2007)

**1. Appeal and Error— brief—failure to state standard of review—no motion to dismiss appeal**

Defendants' failure to file a motion to dismiss an appeal for failure to state a standard of review resulted in the appeal being heard on its merits.

**2. Costs— review on appeal—abuse of discretion standard**

The trial court's taxing of costs against the plaintiff was reviewed on appeal under an abuse of discretion standard.

**3. Costs— deposition—recognized by common law**

Deposition costs were not specifically enumerated in the applicable statute, but were recognized by the common law and the trial court did not abuse its discretion in awarding such costs. The court's decision was supported by the common law, an affidavit from defendant's attorney, and numerous invoices and receipts. N.C.G.S. § 7A-305(d).

**4. Costs— expert witness fees—common law**

Expert witness fees are allowed to be taxed as costs under the common law, and there was no abuse of discretion in this case in taxing plaintiff for the deposition fee for a witness under a subpoena.

**5. Costs— travel costs for mediation—not provided by statute or common law**

The trial court abused its discretion by awarding as costs travel expenses for mediation. Traveling to a mediation is neither enumerated in N.C.G.S. § 7A-305(d) nor provided for in the common law.

**6. Costs— findings—not requested or made—no abuse of discretion**

The trial court did not abuse its discretion in the costs taxed to the plaintiff (except for costs for travel to mediation), and the trial court was not required to make findings of fact that such costs were "reasonable and necessary" given the evidence presented and the absence of a request for findings.

Appeal by plaintiff from order entered 23 October 2006 by Judge J.B. Allen, Jr., in Superior Court, Wake County. Heard in the Court of Appeals 10 September 2007.

*Culbreth Law Firm, L.L.P., by Stephen E. Culbreth and Ashley Culbreth Council for plaintiff-appellant.*

*Hall, Rodgers, Gaylord, & Millikan, PLLC, by Kathleen M. Millikan and Daniel M. Gaylord for defendants-appellees.*

STROUD, Judge.

Plaintiff appeals the order granting costs to defendants in Superior Court, Wake County after plaintiff voluntarily dismissed the underlying action. The dispositive question before this court is

whether the trial court abused its discretion in taxing certain costs against the plaintiff pursuant to N.C. Gen. Stat. § 7A-305(d). For the following reasons, we affirm in part and reverse in part.

## I. Background

On or about 30 January 2004 defendant Kathleen Marie Dombrowski ("Mrs. Dombrowski") was driving defendant David John Dombrowski's 1997 Ford automobile with his permission. Mrs. Dombrowski attempted to make a left-hand turn from Military Cutoff Road onto Wrightsville Avenue when she collided with plaintiff's vehicle on Military Cutoff Road. Defendants admitted in their unverified answer that the accident was caused by Mrs. Dombrowski's negligence. Plaintiff now alleges that as a result of the collision he has painful and permanent injury which prevents him from transacting business and has resulted in a substantial reduction in his earning capacity. Plaintiff also claims he has incurred medical and hospitalization expenses in excess of $29,200.

On 14 February 2005 defendants made an offer of judgment for $45,500, which plaintiff did not accept. On 9 December 2005 defendants subpoenaed Dr. Kevin Scully ("Dr. Scully") and provided notice to plaintiff they would be deposing Dr. Scully on 20 December 2005. On 16 May 2006 defendants' filed a motion for summary judgment. On 19 May 2006 plaintiff filed a motion for continuance. On 22 May 2006 plaintiff took a voluntary dismissal without prejudice pursuant to Rule 41(a)(1) of the North Carolina Rules of Civil Procedure.

On 14 June 2006 defendants filed a motion for costs accompanied by an affidavit of defendants' attorney, Daniel M. Gaylord, and several invoices and receipts. On 27 June 2006 plaintiff filed a response to defendants' motion. Plaintiff's response argued only that defendants' motion was premature and that if the trial court determined defendants' motion was timely made, only the mediation fees were permissible costs to be taxed pursuant to North Carolina case law.[1] Plaintiff presented no objection to the amounts, reasonableness or necessity of defendants' costs as alleged in their motion. On 22 October 2005 the trial court granted defendants' motion for costs.

The trial court required plaintiff to pay costs for: (1) mediation cost for the first mediation in the amount of $250.00, (2) mediation costs for the mediation that was reconvened in February of 2006 in·

---

1. Plaintiff failed to argue the issue of the timeliness of defendants' motion on appeal, and thus this argument was abandoned pursuant to N.C.R. App. P. Rule 28(b)(6).

the amount of $125.00, and (3) travel costs/mileage for mediation in February 2006 in the amount of $26.52. The court also found several others costs to be taxable costs which are to be paid only if plaintiff later refiles; those costs included: (4) cost for plaintiff's deposition transcript in the amount of $464.45, (5) deposition traveling cost/mileage for plaintiff's deposition in the amount of $111.94, (6) cost for Dr. Scully's deposition transcript in the amount of $298.15, (7) deposition fee to Dr. Scully in the amount of $500.00, (8) deposition traveling cost/mileage for the deposition of Dr. Scully in the amount of $111.78, (9) cost for Dr. David Esposito's ("Dr. Esposito") deposition transcript in the amount of $47.25, (10) videotape deposition cost of Dr. Esposito in the amount of $26.75, and (11) deposition traveling cost/mileage for the deposition of Dr. Esposito in the amount of $101.46. In summary, Judge Allen ordered plaintiff to pay defendants $401.52 within 30 days of the order and the other costs totaling $1,661.78, within 30 days of refiling the action. The order also stated that plaintiff's failure to comply would result in dismissal of the refiled action with prejudice. Plaintiff appeals.

## II. Appellate Rules

[1] Defendants argue this appeal should be dismissed as plaintiff's brief failed to state a standard of review for the first argument in his brief. Defendants correctly note that pursuant to North Carolina Rule of Appellate Procedure 28(b)(6) "argument[s] shall contain a concise statement of the applicable standard(s) of review . . . ." N.C.R. App. P. 28(b)(6). Defendants' brief argues that this appeal should therefore be dismissed because plaintiff has failed to follow a rule of appellate procedure. *See Viar v. North Carolina Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005).

However, in *Smithers v. Tru-Pak Moving Sys., Inc.*, defendant requested this Court to dismiss an appeal in its brief. 121 N.C. App. 542, 545, 468 S.E.2d 410, 412, *disc. rev. denied*, 343 N.C. 514, 472 S.E.2d 20 (1996). This Court concluded that "[d]efendant's motion to dismiss plaintiff's appeal is not properly before us. A motion to dismiss an appeal must be filed in accord with Appellate Rule 37, not raised for the first time in the brief as defendant has done here." *Id*; *see also Horton v. New South Ins. Co.*, 122 N.C. App. 265, 268, 468 S.E.2d 856, 858, *cert. denied*, 343 N.C. 511, 472 S.E.2d 8 (1996) ("Motions to an appellate court may not be made in a brief but must be made in accordance with N.C.R. App. P. 37").

As defendants have failed to file such a motion we chose to decide this appeal based upon its merits. *See* N.C.R. App. P. 2; *Welch*

**VADEN v. DOMBROWSKI**

[187 N.C. App. 433 (2007)]

*Contr'g, Inc. v. N.C. Dep't. of Transp.*, 175 N.C. App. 45, 49-50, 622 S.E.2d 691, 694 (2005) (exercising discretion to decide case on the merits though there were appellate rule violations).

### III. Standard of Review

**[2]** Prior decisions by this court have been inconsistent as to the proper standard of review for appeals concerning taxing costs.[2] We have reviewed the case law and the majority of cases review a trial court's taxing of costs under an abuse of discretion standard. *See, e.g., Coffman v. Roberson*, 153 N.C. App. 618, 629, 571 S.E.2d 255, 261 (2002), *disc. rev. denied*, 356 N.C. 668, 577 S.E.2d 111 (2003); *Alsup v. Pitman*, 98 N.C. App. 389, 391, 390 S.E.2d 750, 752 (1990). We find the reasoning of the majority of cases pursuant to the language of N.C. Gen. Stat. § 6-20 to be sound, and we therefore review the trial court's taxing of costs against the plaintiff under an abuse of discretion standard. *See Coffman* at 629, 571 S.E.2d at 261; *Alsup* at 391, 390 S.E.2d at 752. "An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998).

### IV. Awarding of Costs

**[3]** Plaintiff argues that costs not specifically enumerated under N.C. Gen. Stat. § 7A-305(d) should not be awarded. Specifically plaintiff argues that all costs awarded to defendants were in error, except for the mediation fees. N.C. Gen. Stat. § 7A-305(d) and (e) provides:

(d) The following expenses, when incurred, are also assessable or recoverable, as the case may be:

(1) Witness fees, as provided by law.

(2) Jail fees, as provided by law.

(3) Counsel fees, as provided by law.

---

2. We note that some inconsistency of interpretation arises as to N.C. Gen. Stat. § 6-20 which provides that "[i]n other actions, costs may be allowed or not, in the discretion of the court, unless otherwise provided by law" and N.C. Gen. Stat. § 7A-320 which provides that "[t]he costs set forth in this Article are complete and exclusive, and in lieu of any other costs and fees." N.C. Gen. Stat. §§ 6-20, 7A-320 (2003). Some panels of this Court have chosen to use an abuse of discretion standard due to the language of N.C. Gen. Stat. § 6-20 which leaves costs in the discretion of the trial court. *See, e.g., Cosentino v. Weeks*, 160 N.C. App. 511, 516, 586 S.E.2d 787, 789-90 (2003) (reviewing under an abuse of discretion standard). Other panels have reviewed trial court orders taxing costs under a *de novo* standard. *See, e.g., Oakes v. Wooten*, 173 N.C. App. 506, 518, 620 S.E.2d 39, 48 (2005) (reviewing conclusions of law *de novo*).

(4) Expense of service of process by certified mail and by publication.

(5) Costs on appeal to the superior court, or to the appellate division, as the case may be, of the original transcript of testimony, if any, insofar as essential to the appeal.

(6) Fees for personal service and civil process and other sheriff's fees, as provided by law. Fees for personal service by a private process server may be recoverable in an amount equal to the actual cost of such service or fifty dollars ($50.00), whichever is less, unless the court finds that due to difficulty of service a greater amount is appropriate.

(7) Fees of guardians ad litem, referees, receivers, commissioners, surveyors, arbitrators, appraisers, and other similar court appointees, as provided by law. The fee of such appointees shall include reasonable reimbursement for stenographic assistance, when necessary.

(8) Fees of interpreters, when authorized and approved by the court.

(9) Premiums for surety bonds for prosecution, as authorized by G.S. 1-109.

(e) Nothing in this section shall affect the liability of the respective parties for costs as provided by law.

N.C. Gen. Stat. § 7A-305(d), (e) (2003).

We are aware, as recognized in *Dep't. of Transp. v. Charlotte Area Mfd. Housing Inc.*, that there has been a lack of uniformity in this Court's cases addressing whether certain costs can or should be taxed against a party. 160 N.C. App. 461, 586 S.E.2d 780 (2003).[3]

In analyzing whether the trial court properly [assessed] cost[s] we must undertake a three-step analysis. *Lord v. Customized Consulting Specialty, Inc.*, 164 N.C. App. 730, 734, 596 S.E.2d

---

3. Effective 1 August 2007 the General Assembly addressed the inconsistencies within our case law by providing that N.C. Gen. Stat. § 7-305 is a "complete and exclusive . . . limit on the trial court's discretion to tax costs pursuant to G.S. 6-20." *See* 2007-212. no. 3 N.C. Advance Legis. Serv. 162-63. However, the present case is not governed by this newly enacted legislation and thus we must review the costs pursuant to our current case law.

891, 895 (2004). First, we must determine whether the cost sought is one enumerated in N.C. Gen. Stat. § 7A-305(d); if so, the trial court is required to assess the item as costs. *Id.* Second, where the cost is not an item listed under N.C. Gen. Stat. § 7A-305(d), we must determine if it is a "common law cost" under the rationale of *Charlotte Area. Id.* (defining " 'common law' costs as being those costs established by case law prior to the enactment of N.C. Gen. Stat. § 7A-320 in 1983.") Third, if the cost sought to be recovered is a "common law cost," we must determine whether the trial court abused its discretion in awarding or denying the cost under N.C. Gen. Stat. § 6-20. *Id.*

*Miller v. Forsyth Mem'l Hosp., Inc.,* 173 N.C. App. 385, 391, 618 S.E.2d 838, 843, *remanded in part,* 174 N.C. App. 619, 625 S.E.2d 115 (2005).

A. Deposition-Related Expenses

Deposition-related expenses are not specifically enumerated in N.C. Gen. Stat. § 7A-305(d) as it applies to this case.[4] *See* N.C. Gen. Stat. § 7A-305(d). However, these expenses have been recognized by the common law. *See, e.g., Dixon, Odom & Co. v. Sledge,* 59 N.C. App. 280, 286, 296 S.E.2d 512, 516 (1982) (stating that "recoverable costs may include deposition expenses unless it appears that the depositions were unnecessary"); *Cloutier v. State,* 57 N.C. App. 239, 248, 291 S.E.2d 362, 368, *cert. denied,* 306 N.C. 555, 294 S.E.2d 222 (1982) (determining that travel expenses of an attorney to take a deposition should be considered part of the deposition costs and taxed pursuant to N.C. Gen. Stat. § 97-80 (addressing costs under the Worker's Compensation Act)).

As this is a "common law cost" we must now determine if the trial court abused its discretion in awarding such costs. *Miller* at 391, 618 S.E.2d at 843. The trial court awarded costs for: (1) plaintiff's deposition transcript, (2) traveling costs for plaintiff's deposition, (3) Dr. Scully's deposition transcript, (4) traveling costs for Dr. Scully's deposition, (5) Dr. Esposito's deposition transcript, (6) costs of videotaping Dr. Esposito's deposition, and (7) traveling costs for Dr. Esposito's deposition. We do not find the trial court abused its discretion in awarding these costs by rendering "a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley* at 547, 501 S.E.2d at 656. The

---

4. Deposition-related expenses are provided for in the amended version of N.C. Gen. Stat. § 7A-305. 2007-212. no. 3 N.C. Advance Legis. Serv. 162-63.

trial court's decision to award these costs was supported by the common law, defendants' attorney's affidavit, and numerous invoices and receipts. *See, e.g., Dixon, Odom & Co.* at 286, 296 S.E.2d at 516; *Cloutier* at 248, 291 S.E.2d at 368. We also note that plaintiff did not raise any issue as to the reasonableness or necessity of the costs. We affirm the decision of the trial court to award deposition-related expenses.

B. Expert Witness Fee

[4] Expert witness fees are not specifically provided for in N.C. Gen. Stat. § 7A-305(d). *See* N.C. Gen. Stat. § 7A-305(d). However, in *State v. Johnson*, this Court recognized that expert witness fees could be taxed as costs when a witness has been subpoenaed. 282 N.C. 1, 28, 191 S.E.2d 641, 659 (1972).

> Pursuant to N.C. Gen. Stat. § 7A-305(d)(1) witness fees are assessable as costs as provided by law. This refers to the provisions of N.C. Gen. Stat. § 7A-314 which provides for witness fees where the witness is under subpoena. The trial judge only has the authority to award witness fees where the witness was under subpoena.

*Miller* at 392, 618 S.E.2d at 843 (internal citations and internal quotations omitted). As expert witness fees are allowed to be taxed as costs under the common law, we discern no abuse of discretion in the trial court's order taxing the plaintiff $500.00 for Dr. Scully's deposition fee when Dr. Scully was under a subpoena. *See Miller* at 391-92, 618 S.E.2d at 843; *Johnson* at 28, 191 S.E.2d at 659.

C. Travel Costs to Mediation

[5] Travel expenses are also not specifically enumerated in N.C. Gen. Stat. § 7A-305(d). *See* N.C. Gen. Stat. § 7A-305(d). We also could find no case law before or during 1983 which addresses costs for mediation; therefore it is not a common law cost. *See Miller* at 391, 618 S.E.2d at 843. As traveling to a mediation is neither enumerated in N.C. Gen. Stat. § 7A-305(d) nor provided for in the common law, we conclude that the trial court did abuse its discretion in awarding this cost to defendants. *See Briley at* 547, 501 S.E.2d at 656. We therefore reverse the decision of the trial court to tax plaintiff $26.52 in mediation travel costs.

D. Reasonable and Necessary Costs

[6] Defendant also argues that the trial court abused its discretion because it failed to make any findings of fact that the costs taxed

were reasonable and necessary. "An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley at* 547, 501 S.E.2d at 656. Rule 52(a)(2) of the North Carolina Rules of Civil Procedure provides that "[f]indings of fact and conclusions of law are necessary on decisions of any motion or order ex mero moto *only when requested by a party and as provided by Rule 41(b)*." N.C. Gen. Stat. § 1A-1, Rule 52 (2003) (emphasis added).

Pursuant to Rule 52 the trial court did not err in failing to make findings of fact where they were not requested by a party. *See id.* The trial court ordered the costs taxed based on evidence which included. an affidavit from defendants' attorney and several invoices and receipts. In plaintiff's response to defendant's motion for costs, no evidence was presented countering defendants' affidavit, invoices or receipts. Plaintiff has not argued either here or before the trial court that defendants' costs were unreasonable or unnecessary, and the record would support a finding that the costs were reasonable and necessary. On this evidence the trial court did not abuse its discretion. *See Briley at* 547, 501 S.E.2d at 656. *Id.*

We therefore conclude that the trial court did not abuse its discretion in the costs taxed to the plaintiff except for the costs for travel to mediation and that the trial court was not required to make findings of fact stating that such costs were "reasonable and necessary" given the absence of a request for findings and the evidence presented. *See id.*; *Briley at* 547, 501 S.E.2d at 656.

### V. Conclusion

In conclusion, we reverse the trial court's order mandating plaintiff to pay $26.52 in travel costs to mediation and affirm all other costs taxed.

Affirmed in part, reversed in part.

Chief Judge MARTIN and Judge ARROWOOD concur.