TERRY CARMON BENNETT, ADMINISTRATOR OF THE ESTATE OF STEPHANIE RENEE BENNETT, DECEASED, PLAINTIFF v. EQUITY RESIDENTIAL, ERP OPERATING LIMITED PARTNERSHIP, EQR-RALEIGH VISTAS, INC., AND EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORP., DEFENDANTS

No. COA07-1240

(Filed 2 September 2008)

**Costs— voluntary dismissal—expert witness fees—discretion of court**

The trial court did not abuse its discretion in a negligence case by denying defendant's motion for expert witness fees after the claim was voluntarily dismissed. Although defendant argued an abuse of discretion based on the amount of the costs and the timing of the dismissal, the trial judge who presided at trial was fully familiar with the merits of the case and is in a better position to decide whether the award is justified. N.C.G.S. § 1A-1, Rule 41(d).

Appeal by defendants from memorandum opinion and order entered on 12 June 2007 by Judge Ripley E. Rand in Superior Court, Wake County. Heard in the Court of Appeals on 19 May 2008.

*Bently Law Offices, P.A. by Michael D. Calhoun and Charles A. Bentley, Jr., for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Dan M. Hartzog, Jaye E. Bingham, and Gloria T. Becker, for defendant-appellant.*

STROUD, Judge.

This action arises out of the murder of Stephanie Renee Bennett ("Ms. Bennett"). Plaintiff, Terry Carmon Bennett, administrator of the estate of Ms. Bennett, brought a claim against defendants Equity Residential, ERP Operating Limited Partnership, EQR-Raleigh Vistas, Inc., Equity Assets Management, Inc., and Equity Residential Properties Management Corp. for the wrongful death of Ms. Bennett, claiming that her death was caused by defendants' negligence. Twenty days into the trial plaintiff voluntarily dismissed this suit. Defendants requested that the trial court award certain costs, totaling approximately $170,000.00, which they had accrued for their defense of the case. The trial court only partially granted defendants' request, awarding the sum of $1,726.25. Defendants appeal to this Court, asking that we reverse the trial court on the issue of expert witness fees

and remand the case to the trial court for the awarding of these fees. North Carolina statutes and case law place the award of expert witness fees within the discretion of the trial court. As we find that the trial court did not abuse its discretion, we affirm its decision.

## I. Background

On or about 19 May 2004, plaintiff filed a wrongful death action, and on 28 May 2004 plaintiff filed an amended complaint. On 17 June 2004, defendant removed the case to federal court, but on or about 10 November 2005 the case was remanded to Superior Court, Wake County. On or about 30 June 2005, defendants designated an expert witness. On or about 23 November 2005, defendants filed their answer to plaintiff's amended complaint, and on 28 November 2005 plaintiff filed a motion to supplement and amend the complaint. On 10 January 2006, plaintiff's motion was allowed, and thereafter on that same date plaintiff filed a supplemental amended complaint. On 12 January 2006, defendants moved the court for an extension of time "to serve an Answer or otherwise plead to Plaintiff's Supplemental Amended Complaint," and on this same date the motion was granted by the trial court. On 10 March 2006, defendants filed their answer to the supplemental amended complaint.

On 8 February 2006, defendants filed a motion for summary judgment. On or about 3 October 2006, defendants designated four additional expert witnesses. On 19 October 2006, the trial court denied defendants' motion for summary judgment. On 29 December 2006, Senior Resident Superior Court Judge Donald W. Stephens entered an order designating Judge Ripley Rand to preside over the case. Plaintiff and defendants entered into a pre-trial order, and on 2 January 2007, the trial began.

Twenty days into the trial, on 22 January 2007, plaintiff filed a voluntary dismissal without prejudice pursuant to Rule 41(a)(1) of the North Carolina Rules of Civil Procedure. On 31 January 2007, defendants filed a motion for costs pursuant to Rule 41(d) of the North Carolina Rules of Civil Procedure. The motion for costs was accompanied by an affidavit of the billing manager of defendants' law firm, Rhonda Taylor, a comprehensive list of the costs incurred by defendants, and an affidavit of defendants' attorney, Gloria T. Becker. In their motion, defendants argued that plaintiff's claims "involved highly complex issues" in which defendants incurred costs amounting to $167,724.29. On 12 June 2007, the trial court partially allowed defendants' motion for costs.

The trial court determined that the defendants were entitled to costs for "(1) court costs in the amount of $150.00; and (2) mediation fees in the amount of $1576.25[;]" however, the trial court denied defendants motion to tax all other costs including "expert fees and expenses . . . . deposition costs, . . . witness mileage expenses, costs for service of subpoenas, costs for trial exhibits, significant copy expenses, investigative service expenses, postage expenses, research expenses, costs for travel expenses for hearings and trial, and other miscellaneous trial preparation expenses." Defendants appeal the trial court's failure to award expert witness costs.

## II. Awarding of Costs

Though defendants made several assignments of error only those regarding expert witness fees are argued in defendants' brief, and thus the other assignments of error are deemed abandoned. *See* N.C.R. App. P. 28(b)(6). Defendants argue that the trial court (1) erred in failing to award them expert witness fees pursuant to N.C. Gen. Stat. § 7A-305, N.C. Gen. Stat. § 1A-1, Rule 41(d) or, (2) in the alternative, abused its discretion in not awarding expert witness fees pursuant to N.C. Gen. Stat. § 7A-305 and N.C. Gen. Stat. § 6-20. Specifically, defendants request that the trial court's order should be reversed and remanded as to expert witness fees.

A trial court's taxing of costs is reviewed under an abuse of discretion standard. *Vaden v. Dombrowski*, 187 N.C. App. 433, 437, 653 S.E.2d 543, 545 (2007). "An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Id.* at 545-46 (citation and internal quotation marks omitted) (quoting *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998)). We have recognized in prior opinions that there is a lack of uniformity in this Court's cases addressing whether certain costs can or should be taxed against a party. *Id.* at 438-39, 653 S.E.2d at 546; *see also Dep't of Transp. v. Charlotte Area Mfd. Housing, Inc.*, 160 N.C. App. 461, 466-70, 586 S.E.2d 780, 783-85 (2003). As this Court noted in *Vaden*,

Effective 1 August 2007 the General Assembly addressed the inconsistencies within our case law by providing that N.C. Gen. Stat. § 7A-305 is a "complete and exclusive . . . limit on the trial court's discretion to tax costs pursuant to G.S. 6-20." However, the present case is not governed by this newly enacted

legislation and thus we must review the costs pursuant to our current case law.

*Vaden* at 438, 653 S.E.2d at 546, n.3 (internal citation omitted).

Rule 41(d) of the North Carolina Rules of Civil Procedure provides for the taxing of costs against a plaintiff who takes a voluntary dismissal without prejudice. N.C. Gen. Stat. § 1A-1, Rule 41(d).

> A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant before the payment of the costs of the action previously dismissed, unless such previous action was brought in forma pauperis, the court, upon motion of the defendant, shall make an order for the payment of such costs by the plaintiff within 30 days and shall stay the proceedings in the action until the plaintiff has complied with the order. If the plaintiff does not comply with the order, the court shall dismiss the action.

N.C. Gen. Stat. § 1A-1, Rule 41(d).

We analyze mandatory costs and discretionary costs differently, as mandatory costs are required to be assessed and discretionary costs are not required to be assessed. *See, e.g.,* N.C. Gen. Stat. §§ 6-20; 6-21; 7A-305 (2005).

> In analyzing whether costs are properly assessed under Rule 41(d), we must undertake a three-step analysis. First, if the costs are items provided as costs under N.C. Gen. Stat. § 7A-305, then the trial court is required to assess these items as costs. Second, for items not costs under N.C. Gen. Stat. § 7A-305, it must be determined if they are "common law costs" under the rationale of *Charlotte Area.* Third, as to "common law costs" we must determine if the trial court abused its discretion in awarding or denying these costs under N.C. Gen. Stat. § 6-20.

*Lord v. Customized Consulting Specialty, Inc.,* 164 N.C. App. 730, 734, 596 S.E.2d 891, 895 (2004). The trial court in this case awarded court costs and mediation fees. Defendants argue that the trial court erred by its failure to award expert witness fees as a mandatory cost, or in the alternative, that the court abused its discretion by its failure to award the expert witness fees. We have determined that the greater weight of the authority is that expert witness fees are

**BENNETT v. EQUITY RESIDENTIAL**

[192 N.C. App. 512 (2008)]

discretionary, "common law" costs. *See, e.g., Vaden* at 440, 653 S.E.2d at 547.

> Expert witness fees are not specifically provided for in N.C. Gen. Stat. § 7A-305(d). However . . . this Court [has] recognized that expert witness fees *could* be taxed as costs when a witness has been subpoenaed.
>
> Pursuant to N.C. Gen. Stat. § 7A-305(d)(1) witness fees are assessable as costs as provided by law. This refers to the provisions of N.C. Gen. Stat. § 7A-314 which provides for witness fees where the witness is under subpoena.

*Id.* at 440, 653 S.E.2d at 547 (internal citations omitted and emphasis added). Issuance of a subpoena to the expert witness does not convert the costs associated with the expert witness into a mandatory cost. *See Blackmon v. Bumgardner*, 135 N.C. App. 125, 132-33, 519 S.E.2d 335, 340 (1999). "Since the enumerated costs sought by [defendants] are not expressly provided for by law, it was within the discretion of the trial court whether to award them." *Estate of Smith v. Underwood*, 127 N.C. App. 1, 13, 487 S.E.2d 807, 815, *disc. review denied*, 347 N.C. 398, 494 S.E.2d 410 (1997).

Defendants argue vigorously that N.C. Gen. Stat. § 1A-1, Rule 41(d) requires that the court award expert witness fees in this case, citing *Lord v. Customized Consulting Specialty, Inc.*, 164 N.C. App. 730, 596 S.E.2d 891 (2004) and quoting that

> [t]he two purposes of Rule 41(d) are, "reimbursing defendants for costs when through no fault of their own they are denied a hearing on the merits," and "curtailing vexatious litigation by creating *consequences* for the plaintiff's voluntary dismissal." *Id.* at 733, 596 S.E.2d at 894. (emphasis added). The trial court's Order in this case, awarding defendants *only $1,726.25* of their *$170,008.04 total costs*,[1] betrays the stated purpose of Rule 41(d), as it results in almost *no* consequences for plaintiff's voluntary dismissal and fails to properly reimburse defendants, despite the fact that plaintiff did not dismiss the case before trial or even on the eve of trial, but *three weeks into the case*.

(Emphasis in original.) Essentially, defendants argue that the trial court's failure to award costs was an abuse of discretion simply by virtue of the amount of the costs and the timing of the dismissal.

---

1. We note that the total costs noted in defendants' brief, $170,008.04, is different from the costs requested in the their motion, $167,724.29.

Despite the monetary amounts involved in this case, the trial judge, who presided over twenty days of trial, is fully familiar with the merits of this case and is in a far better position than this Court to assess whether an award of costs is justified when considering the purposes of Rule 41(d). Just as the trial court here could have exercised its discretionary authority to award expert witness fees, the court equally has the discretionary power to deny them; we find no abuse of that discretion, and thus defendant's argument is overruled. *See* N.C. Gen. Stat. § 7A-305(d), *Blackmon* at 132-33, 519 S.E.2d at 340; *Estate of Smith* at 13, 487 S.E.2d at 815.

### III. Conclusion

For the foregoing reasons, we affirm the order of the trial court.

AFFIRMED.

Chief Judge MARTIN and Judge CALABRIA concur.