DEBRA L. JARRELL AND JOHN JARRELL, PLAINTIFFS v. THE CHARLOTTE-MECKLEN-
BURG HOSPITAL AUTHORITY; CAROLINAS MEDICAL CENTER, A FACILITY OF
THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY; CAROLINA PHYSICIANS NET-
WORK, INC.; AND RONALD FONG SING, DO, DEFENDANTS

No. COA09-1518

(Filed 17 August 2010)

**Costs— travel and trial testimony costs for out-of-state expert witnesses—lack of standing to challenge subpoenas**

The trial court did not err in a medical negligence case by granting defendants' motion for costs and by awarding costs in the amount of $11,605.40 even though plaintiffs specifically disputed $5,715.40 in costs associated with the travel and trial testimony of out-of-state expert witnesses. Although plaintiffs contended that the subpoenas served upon the out-of-state expert

———

witnesses were ineffective to compel their attendance, plaintiffs lacked standing to challenge the validity of the subpoenas served on the non-party expert witnesses.

Appeal by Plaintiffs from order entered 8 July 2009 by Judge Nathaniel J. Poovey in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 April 2010.

*Charles G. Monnett, III & Associates, by Randall J. Phillips, for Plaintiffs-Appellants.*

*Shumaker, Loop & Kendrick, LLP, by Scott M. Stevenson, John D. Kocher, and Christian H. Staples, for Defendants-Appellees.*

BEASLEY, Judge.

Debra L. Jarrell and John Jarrell (Plaintiffs) appeal from order granting Defendants' motion for costs and awarding costs in the amount of $11,605.40, specifically disputing that portion totaling $5,715.40 in costs associated with out-of-state expert witnesses. Because Plaintiffs lack standing to challenge the validity of these subpoenas served on the non-party expert witnesses, we affirm the trial court's award of costs in its entirety, including the amount subject to this appeal.

This matter arises out of a medical negligence action brought by Plaintiffs on 8 September 2006. Following trial in Mecklenburg County Superior Court, the jury returned a verdict in favor of Defendants. The trial court entered judgment for Defendants on 24 March 2009, reserving the issue of costs for later determination. Defendants filed a motion on 13 April 2009 seeking $30,204.10 in costs pursuant to N.C. Gen. Stat. §§ 6-20 and 7A-305 but, at the hearing, withdrew their request for certain costs outside the scope of N.C. Gen. Stat. § 7A-305 and amended the amount sought to $16,105.40. In an order entered 8 July 2009, the trial court granted Defendants' motion in part and ordered Plaintiffs to pay $11,605.40 in costs. Plaintiffs argue on appeal that the trial court lacked authority to award, and Defendants were accordingly not entitled to, the following: (1) $5,000 for the trial testimony of out-of-state expert witness Raul J. Rosenthal, M.D.; (2) $267.70 in travel expenses for Dr. Rosenthal's airfare from Ft. Lauderdale, Florida to Charlotte, North Carolina; and (3) $447.70 in travel expenses for out-of-state defense expert J. Stephen Scott, M.D.'s airfare from St. Louis, Missouri to Charlotte. We disagree.

Plaintiffs' sole argument is that the trial court erred in awarding travel and trial testimony costs for out-of-state expert witnesses whose appearances at trial were not subject to subpoena because the subpoenas served upon them were ineffective to compel their attendance. While "[a] trial court's taxing of costs is reviewed under an abuse of discretion standard," *Bennett v. Equity Residential*, 192 N.C. App. 512, 514, 665 S.E.2d 514, 516 (2008), Plaintiffs raise questions of statutory interpretation that would require "this Court [to] conduct[] a *de novo* review of the trial court's conclusions of law." *Morgan v. Steiner*, 173 N.C. App. 577, 579, 619 S.E.2d 516, 518 (2005). Before reaching Plaintiffs' statutory construction arguments, however, we must first determine whether they have standing to present them. Standing is also a question of law that we review de novo, *Musi v. Town of Shallotte*, —— N.C. App. ——, ——, 684 S.E.2d 892, 895 (2009), and "issues pertaining to standing may be raised for the first time on appeal," *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 879 (2002).

At the outset, we address Defendants' initial argument that the Discovery Scheduling Order (DSO) in this case expressly waived the statutory requirement that expert witnesses must testify pursuant to subpoena before the prevailing party may recover expert fees. On 21 January 2010, Defendants filed a motion to add the DSO to the printed record, which this Court granted on 25 March 2010. Upon review of the DSO, we acknowledge that paragraph 15 thereof provides that "[a]ll parties agree that experts need not be issued a subpoena either for deposition or for trial and waive that requirement of the statute as it may affect the recovery of costs." The DSO, however, was not considered by the trial court alongside Defendants' motion for costs, and their failure to raise any type of waiver or otherwise bring any portion of the DSO to the trial court's attention precludes us from considering this argument. *See* N.C.R. App. P. 10(b) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."). Defendants' motion for costs makes no reference to the DSO; the transcript of the motion hearing lacks any indication that the issue was raised before the trial court; and the specific grounds now proffered by Defendants were not apparent from the context at the trial level. While we agree with Defendants that the express terms of the DSO would render inapplicable the statutory provisions detailing

recovery of expert witness costs, we must disregard this contention as it was not made before the trial court and turn to the statutory provisions related to expert witness fees. *See Wood v. Weldon*, 160 N.C. App. 697, 699, 586 S.E.2d 801, 803 (2003) (stating this Court has long held that "the law does not permit parties to swap horses between courts in order to get a better mount").

Because the instant case is governed by revised legislation not yet addressed by this Court, we begin with a brief introduction to the trial court's authority to award expert witness fees as costs. Previously, expert fees were not specifically provided for under N.C. Gen. Stat. § 7A-305(d), but " 'this Court [had] recognized that expert witness fees could be taxed as costs when a witness has been subpoenaed.' " *Bennett*, 192 N.C. App. at 516, 665 S.E.2d at 517 (quoting *Vaden v. Dombrowski*, 187 N.C. App. 433, 440, 653 S.E.2d 543, 547 (2007)). *Vaden* reasoned, "[p]ursuant to N.C. Gen. Stat. § 7A-305(d)(1) witness fees are assessable as costs as provided by law. This refers to the provisions of N.C. Gen. Stat. § 7A-314 which provides for witness fees where the witness is under subpoena." 187 N.C. App. at 440, 653 S.E.2d at 547 (citation omitted). However, in response to a lack of uniformity as to the propriety of taxing certain costs, "the General Assembly addressed the inconsistencies within our case law by providing that N.C. Gen. Stat. § 7A-305[(d)] is a 'complete and exclusive . . . limit on the trial court's discretion to tax costs pursuant to G.S. 6-20,' " effective 1 August 2007. *Id.* at 438 n.3, 653 S.E.2d at 546 n.3. The amended statute supplements the witness fees allowed under subsection (1) "as provided by law" by adding a specific provision for expert fees. Section 7A-305(d)(11) grants the trial court explicit statutory authority to award as discretionary costs "[r]easonable and necessary fees of expert witnesses solely for actual time spent providing testimony at trial, deposition, or other proceedings." N.C. Gen. Stat. § 7A-305(d)(11) (2009).

Like subsection (1), § 7A-305(d)(11) must be understood in light of § 7A-314. We have held that § 7A-305(d)(1) "is to be read in conjunction with § 7A-314, which governs fees for witnesses." *Morgan*, 173 N.C. App. at 583, 619 S.E.2d at 520. Specifically, § 7A-314(a) provides that "[a] witness under subpoena . . . to testify before the court . . . shall be entitled to receive five dollars ($5.00) per day, or fraction thereof," and subsection (d) grants the court discretion to increase an expert witness's compensation. N.C. Gen. Stat. §§ 7A-314(a), (d) (2009). Our Supreme Court has held that "[a]s to expert witnesses, Section (d) modifies Section (a)," which means "Sections (a) and (d)

must be considered together." *State v. Johnson*, 282 N.C. 1, 27, 191 S.E.2d 641, 659 (1972). Thus, "[t]he modification relates only to the amount of an expert witness's fee; it does not abrogate the requirement that all witnesses must be subpoenaed before they are entitled to compensation." *Id.* at 28, 191 S.E.2d at 659. As § 7A-305(d)(11) now codifies the trial court's authority to award discretionary expert witness fees (formerly read into subsection (1)) the statutory provision for expert witness fees must likewise be read in conjunction with § 7A-314. *See Smith v. Cregan*, 178 N.C. App. 519, 525, 632 S.E.2d 206, 210 (2006) ("Statutes dealing with the same subject matter must be construed *in pari materia*, and harmonized, if possible, to give effect to each."). Therefore, satisfying the requirements of §·7A-305(d)(11) by proving the fees they seek are "reasonable and necessary" does not automatically entitle Defendants to recover expert witness costs. Where § 7A-314 specifically authorizes the court to tax expert witness fees as costs, only "witness[es] under subpoena, bound over, or recognized" are included. Read *in pari materia*, with specific statutes prevailing over general ones, § 7A-314 limits the trial court's broader discretionary power under § 7A-305(d)(11) to award expert fees as costs only when the expert is under subpoena. *See Krauss v. Wayne County DSS*, 347 N.C. 371, 378, 493 S.E.2d 428, 433 (1997) ("Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized; but, to the extent of any necessary repugnancy between them, the special statute will prevail over the general statute."). Thus, in the particular situation where an expert testifies without being subpoenaed, § 7A-314 controls as an exception to the general applicability of § 7A-305(d)(11).

This Court has applied § 7A-314 to reverse awards of expert fees as costs *when no subpoena existed. See, e.g., Overton v. Purvis*, 162 N.C. App. 241, 250, 591 S.E.2d 18, 25 (2004) (deeming award of expert fees improper where "only witnesses who have been subpoenaed may be compensated" and nothing in the record nor any findings indicated that the experts were subpoenaed); *see also Greene v. Hoekstra*, 189 N.C. App. 179, 181, 657 S.E.2d 415, 417 (2008) ("[T]he cost of an expert witness cannot be taxed unless the witness has been subpoenaed."); *Wade v. Wade*, 72 N.C. App. 372, 384, 325 S.E.2d 260, 271 (1985) ("Unless an expert witness is subpoenaed, . . . the witness' fees are generally not recognized as costs."). In this case, however, the record shows that Defendants served both expert witnesses in

question, Drs. Rosenthal and Scott, with subpoenas to testify. To support their claim that the experts were subpoenaed for attendance at trial, Defendants attached to their motion for costs copies of the subpoenas and return receipts documenting delivery that prove, in pertinent part, Drs. Rosenthal and Scott were served with subpoenas to appear and testify by certified mail on 7 and 9 February 2009, respectively. Both expert witnesses appeared at trial and testified pursuant to the terms of the subpoena served upon them. Where Dr. Scott did not request compensation for his personal time, Defendants sought, and the trial court awarded, costs for the trial testimony time of only Dr. Rosenthal and travel expenses for both witnesses.[1]

Plaintiffs acknowledge that Defendants issued subpoenas to Dr. Rosenthal in Florida and Dr. Scott in Missouri but maintain that the service thereof is insufficient to satisfy § 7A-314, where the subpoenas themselves were ineffective to compel the attendance of the nonresident expert witnesses at trial. *See State v. Means*, 175 N.C. 820, 822, 95 S.E. 912, 913 (1918) ("The attendance of a nonresident witness 'cannot be enforced, even though summoned . . . ."). Thus, Plaintiffs concede the existence of the subpoenas but contest only their validity. The challenge they attempt to assert, however, belongs not to Plaintiffs but to the nonparty witnesses whose attendance was sought, and Plaintiffs accordingly lack standing to dispute the subpoenas' validity. *See Musi*, —— N.C. App. at ——, 684 S.E.2d at 894 ("Standing 'refers to whether a party has a sufficient stake in an otherwise justiciable controversy so as to properly seek adjudication of the matter.'"); *see also* N.C. Gen. Stat. § 1A-1, Rule 45(c) (2009) (authorizing persons "*commanded to appear at a trial*" to object to a subpoena's validity based on, *inter alia*, procedural defects (emphasis added)); *In re Cree, Inc. Sec. Litig.*, 220 F.R.D. 443, 446 (M.D.N.C. 2004) (noting general proposition that "a party lacks standing to challenge a third-party subpoena"); 9A Charles Alan Wright &

---

1. Plaintiffs challenge the inclusion of travel expenses in the total costs award only on the basis that the subpoenas were ineffectual to compel the experts' attendance at trial. Plaintiffs do not challenge whether the trial court properly awarded the experts' actual travel expenses as costs under N.C. Gen. Stat. § 7A-305(d)(11), which grants the trial court discretion to award "[r]easonable and necessary fees of expert witnesses *solely for actual time spent providing testimony at trial.*" N.C. Gen. Stat. § 7A-305(d)(11) (2009) (emphasis added). Where Plaintiffs do not contest the trial court's deviation from the travel reimbursement provisions of the uniform witness fees laid out in § 7A-314(b)(2), we do not address this discretionary award. *See* N.C. Gen. Stat. § 7A-314(b)(2) (2009) (detailing the rate or reimbursement for "[a] witness .whose residence is outside the county of appearance and more than 75 miles from the place of appearance").

**JARRELL v. CHARLOTTE-MECKLENBURG HOSP. AUTH.**

[206 N.C. App. 559 (2010)]

Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed. 1995) (stating a party ordinarily has no standing to challenge a subpoena issued to a non-party "unless the objecting party claims some personal right or privilege with regard to the documents sought"). The exception to this general rule can arise in the context of a subpoena *duces tecum* if a party has privilege over information requested, but Plaintiffs here are attempting to challenge the validity of a subpoena ad *testificandum*. Therefore, Plaintiffs cannot claim a legally cognizable interest in any materials sought because the subpoenas at issue solicit only expert testimony, and where Plaintiffs have cited no authority or grant of permission to act on behalf of the individuals named therein, they accordingly lack standing to contest whether the subpoenas were properly issued.

Likewise, Plaintiffs cannot raise as a defense to the motion for costs the invalidity of these subpoenas by asserting the rights of non-party expert witnesses—namely, that the subpoenas were ineffectual to compel the appearance of Drs. Rosenthal and Scott at trial. Because Plaintiffs lack standing to seek adjudication of the precise issue on which their appeal is based, we do not reach their affiliated arguments regarding statutory interpretation. As such, where Drs. Rosenthal and Scott were undisputedly served with subpoenas to testify at trial and Plaintiffs are not entitled to argue that their appearance was voluntary in fact, Defendants have met not only the requirements of § 7A-305(d)(11) but have also overcome the hurdle imposed by § 7A-314 "that the cost of an expert witness cannot be taxed unless the witness has been subpoenaed." *Green*, 189 N.C. App. at 181, 657 S.E.2d at 417. Accordingly, the statutory requirements for awarding expert witness fees as costs were satisfied with respect to Drs. Rosenthal and Scott. Thus, we affirm that related portion of the trial court's award of costs in the amount of $5,715.40, thereby affirming the total award of costs for Defendants in the amount of $11,605.40.

Affirmed.

Chief Judge MARTIN and Judge JACKSON concur.