Window World of Baton Rouge, LLC v. Window World, Inc.; Window World of St. Louis, Inc. v. Window World, Inc., 2018 NCBC 56.

STATE OF NORTH CAROLINA

WILKES COUNTY

WINDOW WORLD OF BATON ROUGE, LLC; WINDOW WORLD OF DALLAS, LLC; WINDOW WORLD OF TRI STATE AREA, LLC; and JAMES W. ROLAND,

Plaintiffs,

v.

WINDOW WORLD, INC.; WINDOW WORLD INTERNATIONAL, LLC; and TAMMY WHITWORTH,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 1

**ORDER AND OPINION ON WINDOW WORLD DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' OBJECTIONS, MOTIONS FOR COMMISSIONS, AND MOTION TO COMPEL RICHARD FARRELL AND THE FARRELL LAW GROUP**

WILKES COUNTY

15 CVS 2

WINDOW WORLD OF ST. LOUIS, INC.; WINDOW WORLD OF KANSAS CITY, INC.; WINDOW WORLD OF SPRINGFIELD/PEORIA, INC.; JAMES T. LOMAX III; JONATHAN GILLETTE; B&E INVESTORS, INC.; WINDOW WORLD OF NORTH ATLANTA, INC.; WINDOW WORLD OF CENTRAL ALABAMA, INC.; MICHAEL EDWARDS; MELISSA EDWARDS; WINDOW WORLD OF CENTRAL PA, LLC; ANGELL P. WESNERFORD; KENNETH R. FORD, JR.; WORLD OF WINDOWS OF DENVER, LLC; RICK D. ROSE; CHRISTINA M. ROSE; WINDOW WORLD OF ROCKFORD, INC.; WINDOW WORLD OF JOLIET, INC.; SCOTT A. WILLIAMSON; JENNIFER L. WILLIAMSON; BRIAN

C. HOPKINS; WINDOW WORLD OF LEXINGTON, INC.; TOMMY R. JONES; JEREMY T. SHUMATE; WINDOW WORLD OF PHOENIX LLC; JAMES BALLARD; and TONI BALLARD,

Plaintiffs,

v.

WINDOW WORLD, INC.; WINDOW WORLD INTERNATIONAL, LLC; and TAMMY WHITWORTH, individually and as trustee of the Tammy E. Whitworth Revocable Trust,

Defendants.

1. **THIS MATTER** is before the Court upon the following matters in the above-captioned cases: (i) Defendants Window World, Inc. and Window World International, LLC's ("Window World Defendants") Motion to Strike Plaintiffs' Objections to Third-Party Subpoenas (the "Motion to Strike"), (ii) Motion for Commission to Issue Out-of-State Subpoena for Deposition of Michael M. Sayers, Esq. ("Sayers") and Motion for Commission to Issue Out-of-State Subpoena for Corporate Designee Deposition of Independent 189 Dealer Association, Inc. (the "Motions for Commissions"), and (iii) the Window World Defendants' Motion to Compel Discovery from Richard Farrell ("Farrell") and the Farrell Law Group, P.C. (the "Farrell Motion" collectively with the other motions, the "Motions").

2.    By orders dated April 20, April 23, and May 8, 2018, the Court established briefing schedules on the Motions and scheduled a hearing on the Motions for May 24, 2018, at which all parties were represented by counsel.[1]  After reviewing the Motions, the briefs in support of and in opposition to the Motions, the relevant materials associated with the Motions, and the arguments of counsel at the May 24 hearing, the Court, in the exercise of its discretion and for good cause shown, hereby rules upon the Motions as set forth below.

*Brooks, Pierce, McLendon, Humphrey & Leonard LLP, by Charles E. Coble, Robert J. King III, Benjamin R. Norman, Jeffrey E. Oleynik, and Andrew L. Rodenbough, and Keogh Cox & Wilson, Ltd., by Richard W. Wolff, John P. Wolff, III, and Virginia J. McLin, for Plaintiffs Window World of Baton Rouge, LLC, Window World of Dallas, LLC, Window World of Tri State Area LLC, James W. Roland, Window World of St. Louis, Inc., Window World of Kansas City, Inc., Window World of Springfield/Peoria, Inc., James T. Lomax III, Jonathan Gillette, B&E Investors, Inc., Window World of North Atlanta, Inc., Window World of Central Alabama, Inc., Michael Edwards, Melissa Edwards, Window World of Central PA, LLC, Angell P. Wesnerford, Kenneth R. Ford, Jr., World of Windows of Denver, LLC, Rick D. Rose, Christina M. Rose, Window World of Rockford, Inc., Window World of Joliet, Inc., Scott A. Williamson, Jennifer L. Williamson, Brian C. Hopkins, Window World of Lexington, Inc., Tommy R. Jones, Jeremy T. Shumate, Window World of Phoenix LLC, James Ballard, and Toni Ballard.*

*Manning, Fulton & Skinner, P.A., by Michael T. Medford, Judson A. Welborn, Natalie M. Rice, and Jessica B. Vickers, and Laffey, Leitner & Goode LLC, by Mark M. Leitner, Joseph S. Goode, Jessica L. Farley, Sarah E. Thomas Pagels, and John W. Halpin, for Defendants Window World, Inc. and Window World International, LLC.*

*Bell, Davis & Pitt, P.A., by Andrew A. Freeman and Alan M. Ruley, for Defendant Tammy Whitworth.*

*Richard W. Farrell, for third parties Richard W. Farrell and the Farrell Law Group, P.C.*

---

[1] Farrell attended the hearing via telephone as counsel for himself and the Farrell Law Group, P.C.

*Kilpatrick Townsend & Stockton LLP, by Jason Wenker and Beth Winters, for third party TriMark Solutions, LLC.*

Bledsoe, Judge.

## I.

## PROCEDURAL AND FACTUAL BACKGROUND

3.     The procedural and factual background of these matters is set out more fully in *Window World of Baton Rouge, LLC v. Window World, Inc.*, 2016 NCBC LEXIS 82, at \*5 (N.C. Super. Ct. Oct. 25, 2016), *Window World of Baton Rouge, LLC v. Window World, Inc.*, 2017 NCBC LEXIS 60, at \*4 (N.C. Super. Ct. July 12, 2017), and *Window World of St. Louis, Inc. v. Window World, Inc.*, 2015 NCBC LEXIS 79, at \*2 (N.C. Super. Ct. Aug. 10, 2015).   The Court recites only the facts necessary for the determination of the Motions.

4.     Defendant Window World, Inc. ("Window World") is in the business of selling and installing windows, doors, and siding.  It operates several store locations and also franchises its business around the country.  Plaintiffs in these actions are various Window World franchisees.  Defendant Window World International, Inc. is an entity Plaintiffs claim Defendant Tammy Whitworth created to receive Window World's intellectual property in a scheme to enrich herself and defraud Window World's creditors.

5.     In 2011, some of the Plaintiffs incorporated an entity they named the Independent 189 Dealer Association (the "189 DA"), which was comprised of various Window World franchisees.  It is alleged that the purpose of the 189 DA was "to operate an association of independent dealers of Window World products that would

bring together the resources, talents and knowledge of the dealers in order to enhance the value of their businesses and promote stability and security for all dealers within the Window World system." (Window World Defendants' Br. Supp. Mot. Commission 189 DA, at 2, ECF No. 376 (15 CVS 1), ECF No. 392 (15 CVS 2).)

6. The Window World Defendants claim that Sayers, an attorney in St. Louis, Missouri, was retained to assist the 189 DA in its incorporation and may have attended meetings of the 189 DA in 2011. The Window World Defendants further contend that the 189 DA also retained Farrell, a franchise attorney in Raleigh, North Carolina, to, among other things, write a letter on the 189 DA's behalf to Michigan franchise regulators reporting the Window World Defendants for potential violations of federal franchise laws. According to the Window World Defendants, the 189 DA, and the work Sayers and Farrell performed on behalf of that entity, were part of a plan by Plaintiff James Roland ("Roland") and others to attempt to take over the ownership and management of Window World. The Window World Defendants contend that the instant litigation is also part of that plan.

7. The Window World Defendants also assert that TriMark Solutions, LLC ("TriMark"), a digital marketer for certain Plaintiffs, and MetricWise, Inc. ("MetricWise"), a customer relationship management provider for certain Plaintiffs, have information concerning Plaintiffs' businesses that is relevant to the claims and defenses asserted in this litigation.

8. Based on the foregoing, the Window World Defendants have filed motions seeking commissions to issue subpoenas to Sayers and to the 189 DA and have issued

subpoenas to Farrell, TriMark, and MetricWise. Plaintiffs oppose the Window World Defendants' efforts to seek discovery from these persons and entities on grounds of relevance, undue burden, and privilege.

II.

LEGAL ANALYSIS

A.    Motion to Strike

9.    Plaintiffs timely served objections to the subpoenas issued to Farrell, TriMark, and MetricWise, and the Window World Defendants thereafter filed the Motion to Strike. The Window World Defendants contend that Plaintiffs' objections should be struck because (i) Plaintiffs do not have standing to assert the objections, except as to Farrell's subpoena based on attorney-client privilege, and (ii) Plaintiffs' objections based on the confidentiality of their subpoenaed business information can readily be protected through the July 31, 2015 Protective Order previously entered in this case.

10.    It is true that parties "typically lack standing" to contest third-party subpoenas. *Deyton v. Estate of Waters*, 2011 NCBC LEXIS 36, at *7 (N.C. Super. Ct. Sept. 23, 2011) (citing *Jarrell v. Charlotte-Mecklenburg Hosp. Auth.*, 206 N.C. App. 559, 564, 698 S.E.2d 190, 193–94 (2010) ("The challenge they attempt to assert, however, belongs not to Plaintiffs but to the nonparty witnesses whose attendance was sought, and Plaintiffs accordingly lack standing to dispute the subpoenas' validity.")). However, an exception to this general rule exists when the party is claiming privilege over information sought in the challenged subpoena, *id.*, or when

the challenged subpoena "requires disclosure of a trade secret or other confidential research, development, or commercial information" and the challenging party is affected by the subpoena, *see* N.C. R. Civ. P. 45(c)(7).

11.     It appears to the Court that the Window World Defendants seek, through their subpoenas to TriMark and MetricWise, Plaintiffs' confidential and proprietary information concerning Plaintiffs' advertising strategies and metrics as well as Plaintiffs' sensitive customer and sales data.  It further appears to the Court that the July 31, 2015 Protective Order in this case provides that the parties may object to third-party subpoenas on privilege grounds, which Plaintiffs have done with respect to Farrell here.  As a result, in light of the information sought, the objections posed, and the applicable North Carolina law as cited above, the Court concludes that Plaintiffs have standing to challenge Defendants' subpoenas to Farrell, TriMark, and MetricWise.  Accordingly, the Court, in the exercise of its discretion, denies the Window World Defendants' Motion to Strike based on Plaintiffs' alleged lack of standing.

12.     As for the Window World Defendants' contention that Plaintiffs' objections should be struck in light of the protections against harmful disclosure provided in the Protective Order, the Court rules as follows: (i) as explained below, the Farrell Motion should be denied and thus the Motion to Strike should be denied as to the subpoena to Farrell, (ii) the Court will consider Plaintiffs' specific objections to the subpoenas to TriMark at the hearing on the Window World Defendants' Motion to Compel TriMark Solutions LLC and Randy Goins currently scheduled in this case for August

22, 2018, and (iii) in light of the limited attention in the parties' briefing to the Window World Defendants' contention that the Protective Order provides sufficient protection to Plaintiffs arising from the subpoena to MetricWise, the Court concludes that it will assist the Court's determination of the Motion to Strike as to MetricWise for the parties to provide short statements of no more than 750 words each further addressing this argument, such statements to be filed no later than June 26, 2018.

B. Motions for Commissions

13. The Window World Defendants, through the subpoenas that are the subject of the Motions for Commission, seek information from Sayers regarding his communications with (i) Window World's former employees; (ii) state and federal regulators regarding Window World's alleged violation of franchise disclosure laws and its voluntary conversion to a franchise system; and (iii) Farrell. The Window World Defendants also seek a Rule 30(b)(6) deposition of the 189 DA.

14. Rule 45 of the North Carolina Rules of Civil Procedure governing subpoenas "affords greater protection to nonparties than Rule 26 provides to parties." *Bank of Am. Corp. v. SR Int'l Bus. Ins. Co.*, 2006 NCBC LEXIS 17, at *16 (N.C. Super. Ct. Nov. 1, 2006); *SciGrip, Inc v. Osae*, 2015 NCBC LEXIS 89, at *13 (N.C. Super. Ct. Sept. 28, 2015). As this Court has observed, "[a] subpoena to a nonparty . . . poses a concrete, one-sided burden with no corresponding benefit . . . [because] [n]onparties, by definition, have no direct stake in litigation." *Arris Grp., Inc. v. Cyberpower Sys. (USA)*, 2017 NCBC LEXIS 58, at *6 (N.C. Super. Ct. July 11, 2017). Consequently, "[t]he courts have an *obligation* to protect nonparties from burden and

expense imposed without sufficient justification." *Bank of Am. Corp.*, 2006 NCBC LEXIS 17, at \*16 (emphasis added).

15. As a result, Rule 45 makes plain that "[t]he court shall quash or modify the subpoena if" the recipient demonstrates the existence of any enumerated grounds for objection, including privilege, unreasonableness, and undue burden. N.C. R. Civ. P. 45(c)(3), (5); *see also Arris Grp., Inc.*, 2017 NCBC LEXIS 58, at \*7. Further, where the subpoena requests trade secrets or other confidential information, Rule 45 provides that the court may "quash or modify the subpoena" unless the issuing party "shows a substantial need for the testimony or material that cannot otherwise be met without undue hardship." N.C. R. Civ. P. 45(c)(7).[2]

16. At their core, the claims in this action involve Plaintiffs' contentions that the Window World Defendants knowingly and intentionally withheld information that Plaintiffs were entitled to receive under federal franchise laws and misrepresented to Plaintiffs that they would receive the Window World Defendants' lowest available wholesale prices. Plaintiffs contend that the information the Window World Defendants seek from Sayers and the 189 DA is not relevant to any issue in controversy in this litigation and is beyond the scope of permissible discovery. The Window World Defendants respond that the information they seek is relevant to Plaintiffs' credibility, the reasons Plaintiffs filed this action, and Plaintiffs' unclean hands.

---

[2] Federal courts have also stressed the "distinction between a party and nonparty" in applying the Federal Rules of Civil Procedure. *See Arris Grp., Inc.,* 2017 NCBC LEXIS 58, at \*7–8 (citing cases).

17. It appears to the Court that information regarding the "who" and "how" behind the 189 DA reporting the Window World Defendants to Michigan regulators has little if any bearing on the claims or defenses advanced or forecast in this action. It further appears to the Court that providing the information sought would be unduly burdensome for Sayers, an out-of-state attorney who represented a nonparty to this litigation and whose information is, for the most part, likely to be privileged, cumulative, or unrelated to the matters at issue in this case. The same is true for the 189 DA, an organization that has been administratively dissolved and whose principal members have already been deposed in this action and were made available for questioning on this same subject matter.

18. Upon careful consideration of the parties' respective showings, the Court concludes that the undue burden the requested subpoenas will impose on Sayers and the 189 DA outweighs the Window World Defendants' need for the information sought on the current record, and, further, that the Window World Defendants have failed to show a substantial need for the information they seek from Sayers and the 189 DA that cannot otherwise be met without undue hardship.

19. Accordingly, based on the foregoing, the Court, in the exercise of its discretion, denies the Motions for Commissions.

C. The Farrell Motion

20. The Window World Defendants seek to compel the following information from Farrell and his law firm (i.e., the Farrell Law Group, P.C.) with the Farrell Motion: (i) identities of the never-identified Window World store owners Farrell

represented in dealings with state regulators, (ii) communications between Farrell and franchise regulators regarding his clients' contention that Window World was engaged in franchising and intentionally concealing the same; (iii) communications to and from Window World store owners other than Farrell's clients; (iv) communications between Farrell and Window World or its lawyers, and (v) communications with persons or entities other than Farrell's clients regarding the business of the 189 DA.

21. The Window World Defendants contend that the Court should compel the production of this information because it is relevant to Plaintiffs' claims for fraud and unfair or deceptive trade practices, Plaintiffs' credibility, and Plaintiffs' bias. In particular, the Window World Defendants argue that Farrell's representations to the Michigan regulators concerning Window World's alleged violations of franchise law involve the same allegations Plaintiffs advance here and, further, were made as part of Roland's scheme, with others, to facilitate a buyout or hostile takeover of Window World.

22. Plaintiffs counter that the Window World Defendants are fully aware of the facts Farrell disclosed to the Michigan regulators and that in late October 2011, Window World admitted that the company had violated "certain Federal and State Franchise Laws." (*See* Pls.' Br. Opp'n Mot. Compel Farrell and Farrell Law Group 2, ECF No. 441 (15 CVS 1), ECF No. 481 (15 CVS 2).) Consequently, Plaintiffs argue, the only purpose for the Window World Defendants' subpoena to Farrell is to learn the identity of the 189 DA members that prompted Farrell's letter to the Michigan

regulators so that Window World can retaliate against those members. As such, Plaintiffs argue the subpoena to Farrell should be quashed.

23. Having carefully considered the parties' respective positions, including Farrell's arguments concerning privilege, the Court concludes, in the exercise of its discretion, that the Farrell Motion should be denied.

24. First, the Court is not persuaded that Farrell's activities on behalf of the 189 DA, all of which are alleged to have occurred in 2011 and 2012, are relevant to the claims and defenses asserted in this action. This is particularly so in light of the absence of any post-2012 evidence of Roland's alleged takeover plan and the tenuous connection of any such plan to the claims and defenses advanced in this case.

25. Second, the Court is not convinced of the need for discovery from Farrell in the circumstances presented here. Farrell was the attorney for the 189 DA, which was created and operated by some of the Plaintiffs, for a short period in 2011 and 2012. It appears to the Court that the Window World Defendants have had ample opportunity to seek and obtain discovery from Plaintiffs and others concerning the basis for Plaintiffs' claims in this litigation. The Window World Defendants have not offered any evidence or argument that the information they seek from Farrell has not been, or could not have been, obtained from other sources, including, most significantly, Plaintiffs themselves.

26. Finally, the Court concludes that compliance with the Window World Defendants' subpoenas would be unduly burdensome for Farrell, who, like Sayers, is an attorney representing a non-party to this litigation and whose information, for the

most part, is likely to be privileged, cumulative, or unrelated to the matters at issue in this case. This is particularly so when the burden of compliance on Farrell is compared to the Window World Defendants' limited need for the information sought based on the current record. The Court further concludes that the Window World Defendants have failed to show a substantial need for the information they seek from Farrell and his law firm that cannot otherwise be met without undue hardship.

27. Accordingly, based on the foregoing, the Court, in the exercise of its discretion, denies the Farrell Motion.

### III.

### CONCLUSION

28. **WHEREFORE**, the Court, for the reasons stated herein and in the exercise of its discretion, hereby **DENIES** the Motions for Commissions and the Farrell Motion, **DEFERS** further consideration of the Motion to Strike Plaintiffs' objections to the TriMark subpoena until the August 22, 2018 hearing currently scheduled in this case, and **ORDERS** further briefing on the Motion to Strike Plaintiffs' objections to the MetricWise subpoena as set forth above.

**SO ORDERED**, this the 19th day of June, 2018.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases