The defendant was acquitted of the crime for which he was indicted.
The judge made the following order, omitting immaterial parts as to exceptions and case on appeal:
"It is hereby ordered that all of the State's witnesses called, sworn and examine in the trial of this case will be permitted to prove their attendance before the clerk (any not having done so being still granted that opportunity), and shall be paid for their attendance the regular fees of witnesses provided by the statute, and full mileage also as provided by the statute, nonresident witnesses being permitted to prove mileage from Concord to the State line by the ordinary route; provided, however, that the three witnesses, Dr. Burmeister of Chicago, Dr. Schultz of New York, and Capt. William Jones of New York, having been called as experts, having been found by the court heretofore to be experts and examined as such, and now being found to have been proper and necessary to the presentation of the State's case, each of them is hereby allowed the sum of $15 per day with their mileage to the State line.
"The verdict in this case having been taken on Sunday, and the court before adjournment on that day having mentioned the matter of the taxation of costs as to which the solicitor had already and in due time called the attention of the court for the relief of these witnesses, this order is made and filed with the clerk nunc pro tunc and is directed to be entered by the clerk of record.
"It is actually signed on 18 day of December, 1917.
E. B. Cline, Judge Presiding.
"And the solicitor for this judicial district, the Honorable Hayden Clement, desiring to appeal from this order to the Supreme Court, and *Page 870 
wishing to afford him every facility for doing so, and now expressing its approval of this course, the court finds the following additional facts:
(822) "That there were a number of witnesses in attendance upon this trial from distant States, such as Hon. A.B. Melville, Mr. A. Leonard Johnson and others, from Chicago; Mr. William J. Jones and others, from New York City, all of whose names, with the cities from which they came, will be found attached to their witness tickets; or if not so, and if the clerk is not familiar with all of their names, they will be indicated by the court in a special order that they were necessary and material witnesses, and that it was very proper upon the part of the solicitor to procure their attendance, if he could, that he attempted to serve them with legal process as witnesses, and while the service was made beyond the State limits, and therefore not binding upon them, still in obedience to his request and at the same time voluntarily they came to attend this trial. That the solicitor had promised them payment of their actual expenses if such could be provided by any legal order against the county of Cabarrus.
"Upon these facts, it is stated for the information of the Supreme Court that if the undersigned were vested with the discretion so to do, he would make an order allowing the actual expenses of such nonresident witnesses, the same to be paid by the county; but the motion to this effect upon the part of the solicitor is denied because the undersigned has been unable to find that as a matter of law he can or is vested with the discretion to grant the motion." (Signed by Judge Cline.)
The State, by its solicitor, excepted to this order and appealed.
after stating the case: We have held heretofore that at common law no costs were recoverable by the plaintiff or defendant in civil actions or criminal prosecutions. Costs are now given by statute both in England and in this country, but they are recoverable by law in those cases, State and civil, where they are allowed, and only in the manner and to the extent allowed by law. A witness who attends court without having been summoned is not entitled to prove his attendance so as to charge the losing party with the amount of his tickets. Stern v. Herren, 101 N.C. 518; Thompson v.Hodges, 10 N.C. 318; Lewis v. Comrs., 74 N.C. 194; S. v. Massey,104 N.C. 877; Clerk v. Comrs., 121 N.C. 29; Patterson v. Ramsey,136 N.C. 561. *Page 871 
In the Stern case this Court, by Justice Davis, said: "The attendance of a nonresident witness cannot be enforced, even though summoned; and as was said by Daniel, J., in Kinzey v. King, 28 N.C. 76, the party desiring his evidence may have his deposition taken. To the same effect is Meredith v. Kent, 1 N.C. 52. It is true that (823) in S. v. Stewart, 4 N.C. 138, it was held that a witness who, after being summoned on the part of the State, removed to another State was entitled to mileage from the place of his residence, but the reasons given were that the `binding a man in recognizance to attend' and give testimony did not put him under obligations not to change his place of residence; and another reason might have been given, and that is, in criminal cases the witnesses must be confronted with the accused, and they may be put under bond to attend if necessary." The question, so far as it is to be determined by the common law, is fully discussed in those cases and we need dwell upon that phase of it no longer.
The rule applied both to civil and criminal cases, and in S. v. Massey,supra, it was said that "the duty of one attending court in obedience to a subpoena is incident to citizenship, as in feudal times the duty of `attending the Lord's Court' was incident to fealty. Payment of witnesses by the sovereign is neither given by common law, nor is it an inherent right." Costs are allowed and paid now, as for many years they have been, only as provided by statute, which is, so far as pertiment [pertinent] to this case, in the following sections of the Revisal of 1905:
"Section 1283. If there be no prosecutor in a criminal action, and the defendant shall be acquitted,. . . the county shall pay the clerks, sheriffs, constables, justices, and witnesses one-half their lawful fees only, except in capital felonies and in prosecutions for forgery, perjury, and conspiracy, when they shall recive [receive] full fees. . . And no county shall pay any such costs unless the same shall have been approved, audited, and adjudged against the county as provided in this chapter."
"Section 1296. All witnesses summoned or recognized in behalf of the State shall be allowed the same pay for their daily attendance, ferriage, and mileage as is allowed to witnesses attending in civil suits."
"Section 1303. No person shall receive pay as a witness for the State on the trial of any criminal action unless such person shall have been summoned by the clerk under the direction of the solicitor prosecuting in the court in which the action originated, or in which it shall be tried if removed."
"Section 1289. Witnesses summoned or recognized on behalf of the State to attend on any criminal prosecution in the Superior or criminal courts where the defendant is insolvent, or by law shall not be *Page 872 
bound to pay the same, and the court does not order them to be paid by the county in which the prosecution was commenced. And in all cases wherein witnesses may be summoned or recognized to attend any such court to give evidence in behalf of the State, and the defendant shall be disregarded, and in cases where the defendant shall (824) break jail and shall not afterwards be retaken, the court shall order the witnesses to be paid."
It will appear from this resume of our law upon the subject of costs that the power of the court to tax costs in favor of witnesses is confined to those who have been summoned or recognized to appear. It may be wise for the Legislature to enlarge this power so as to embrace a case of this kind and rely upon the solicitors and the general supervision of the judge to protect the interests of the State against any abuse of the same, but we are not concerned with what shall be the policy of the State, and must apply the law as it is written, the jus dicere being all that belongs to us, and the jus dare being the function and prerogative of the legislative department.
In this case, under a proper construction of the statute, the judge has allowed the nonresident witness fully as much as they were entitled to receive, if not more, but whether more we need not say. It appears that they were neither summoned nor recognized, and therefore do not come sufficiently within the designation of witnesses entitled to prove their attendance and mileage, so as to recover costs for any service rendered by them outside the State. They have been allowed costs for their attendance and for mileage from Concord to the State line by the ordinary route of travel, and the judge correctly ruled that he had no power to allow any more. These witnesses were not legally summoned. We do not know of any provision of the law which authorized service of a subpoena on a witness beyond the State. There is a statute in regard to service of a summon, notice, or other process personally, in lieu of publication, outside the State in civil cases (Revisal, sec. 448), but it has no application to the service of a subpoena in a criminal action.
There having been no legal service of subpoenas on the witnesses, the motion was properly denied, as it is said in Thompson v. Hodges,10 N.C. 318, which has been followed in other cases, that "if he (the applicant for an allowance) had attended the court as a witness without having been summoned, his tickets must be expunged."
A statute of another State with identical language has received, inHerrington v. Flanders, 115 Ga. 823, the same judicial construction which we have placed upon ours. In the syllabus written by the Court, in that case by Justice Fish (now Chief Justice), the Court held as *Page 873 
follows: "It is unlawful, under Penal Code, sec. 1079, to charge the accused in a criminal case, upon his conviction, with `the costs of any witness of the State unless such witness was subpoenaed, sworn, and examined on the trial.' The prohibition in that section against charging the accused, except as therein indicated, with the costs of `more than two witnesses to the same point' relates, of course, only to witnesses who have actually been `subpoenaed, sworn, and (825) examined.'" See, also, Code of Georgia, 2 vol., sec. 5392. The discretion given to the judge in regard to the taxation of costs is subject, of course, to the other express provisions of the statute forbidding costs to be taxed.
We conclude that there was no error in overruling the motion of the State.
Cited: S. v. Scoggin, 236 N.C. 23.