TOWN OF CHAPEL HILL v. FOX

[120 N.C. App. 630 (1995)]

_____

TOWN OF CHAPEL HILL, Plaintiff v. RANDOLPH DUDLEY FOX, Defendant

No. COA95-52

(Filed 7 November 1995)

**Costs § 40 (NCI4th)— experts deposed pursuant to subpoena—witness fees properly awarded by trial court**

Since defendant deposed experts pursuant to a subpoena, the trial court had the statutory authority to order defendant to pay the stated expert witness fees. N.C.G.S. § 7A-314(d).

**Am Jur 2d, Costs §§ 51, 65.**

Appeal by defendant from order entered 9 September 1994 by Judge Gordon Battle in Orange County Superior Court. Heard in the Court of Appeals 2 October 1995.

*Northen, Blue, Rooks, Thibaut, Anderson & Woods, LLP, by David M. Rooks, for plaintiff-appellee.*

*Faison & Fletcher, by Reginald B. Gillespie, Jr. and Keith D. Burns, for defendant-appellant.*

LEWIS, Judge.

By letter dated 9 April 1992 plaintiff requested permission of defendant to perform certain soil testing procedures on his property attendant to its search for a landfill site. Defendant refused entry for any clearing, borings, or land disturbing activities. On 15 November 1993 plaintiff filed a complaint alleging statutory authority to conduct the tests on defendant's property, and sought to enjoin defendant

**TOWN OF CHAPEL HILL v. FOX**

[120 N.C. App. 630 (1995)]

from interfering with plaintiff's entering his land for this purpose. Defendant answered the complaint, denying plaintiff had statutory authority to perform the tests in question.

Following discovery, the parties executed a consent order which was entered by the trial court. The order contained defendant's permission for plaintiff to enter his land and dictated the method by which plaintiff could conduct its tests. The consent order stated that it "shall not be construed as adjudicating or determining any issue or matter other than the plaintiff's motion for a preliminary injunction."

On 31 May 1994 plaintiff moved to tax defendant $4,388.75 in fees charged by three expert witnesses employed by plaintiff. The fees were based on time and travel incurred by the witnesses in response to defendant's subpoena for their depositions. The trial court granted plaintiff's motion and ordered defendant to pay the expert witness fees in the amount of $3,477.25. The court further noted that "the plaintiff has entered upon defendant's property and conducted the testing it sought to do and, as a result, has obtained all the relief it sought in this case." Accordingly, the order stated that "[t]his case should be closed." Defendant appeals.

Defendant's sole argument on appeal is that the trial court erred in granting plaintiff's motion for costs. We note that defendant has not disputed the trial court's determination that no issue remained in controversy, nor its conclusion that for this reason the case should be closed. Accordingly, the trial court's dismissal of the action is not before this Court. *See* N.C.R. App. P. 10 (1995).

Defendant first contends that the trial court erred in awarding costs because the order does not constitute a final judgment. *See Whaley v. Taxi Company*, 252 N.C. 586, 588-89, 114 S.E.2d 254, 256 (1960). However, as discussed above, the order clearly dismisses the action as having no justiciable issue remaining, and defendant has not assigned error to that ruling. Therefore, the order is a final judgment in this case, and it was not error for the trial court to award costs.

Defendant also argues that the trial court lacked the authority to order the amount of fees awarded. He contends that the witnesses' fees for appearing at a deposition should be limited to the hourly wage plaintiff was obligated to pay them for their professional services; and that the hours charged by the witnesses for preparation for the depositions were unreasonable.

Costs may only be awarded in accordance with statutory authority. *Fox v. Fox*, 114 N.C. App. 125, 136, 441 S.E.2d 613, 620 (1994). N.C. Gen. Stat. § 7A-314(d) (1989) provides that "An expert witness, . . . , shall receive such compensation and allowances as the court, . . . , in its discretion, may authorize." However, expert witness fees may be recoverable as costs only when the testifying expert has been subpoenaed to appear. *Brandenburg Land Co. v. Champion International Corp.*, 107 N.C. App. 102, 104, 418 S.E.2d 526, 528 (1992).

Defendant relies on *City of Charlotte v. McNeely*, 281 N.C. 684, 190 S.E.2d 179 (1972) to support his position that costs may only be assessed to reimburse the opposing party for their expenses. We find defendant's reliance on this case to be misplaced. The language limiting costs to reimbursement is specific to the facts of that case. Additionally, the statute relied on in that case differs greatly from the one now in existence. At the time *Charlotte* was decided, N.C. Gen. Stat. § 6-1 (1969) read: "To either party for whom judgment is given there shall be allowed as costs his actual disbursements for fees to the officers, witnesses, and other persons entitled to receive the same." *Charlotte*, 281 N.C. at 692, 190 S.E.2d at 186. Today, G.S. § 6-1 (1986) provides: "To the party for whom judgment is given, costs shall be allowed as provided in Chapter 7A and this Chapter." The reimbursement language has been removed.

The issue in this case is whether the trial court properly allowed expert witness fees under G.S. § 7A-314(d). We discern no meaningful difference between an expert who is called to testify at trial and an expert who is called to testify at a deposition. In each case, under G.S. § 7A-314(d), the trial court may grant "compensation and allowances" in its discretion. Therefore, since defendant deposed the experts pursuant to a subpoena, the trial court had the statutory authority to order defendant to pay the stated expert witness fees.

As to the amount of the fees awarded, we find no abuse of discretion.

For these reasons, we affirm the award of fees against defendant.

Affirmed.

Chief Judge ARNOLD and Judge MARTIN, Mark D. concur.