CHARLES M. GREENE AND SANDRA McNEIL, CO-EXECUTORS OF THE ESTATE OF PANSY
FERGUSON GREENE, PLAINTIFFS v. SUZANNE HOEKSTRA, M.D. AND BREVARD
SURGICAL ASSOCIATES, P.A., DEFENDANTS

No. COA07-490

(Filed 4 March 2008)

**Costs— deposition expenses—expert witness fees—abuse of discretion standard**

The trial court did not abuse its discretion in a medical malpractice and wrongful death case by awarding costs of $14,218.28 to defendants because: (1) the decision to award deposition expenses as costs was supported by the common law and by documentation for each cost; and (2) in regard to the expert witness fees, the right to compensation depends on a subpoena being served on the witness instead of service on the opposing party, and plaintiffs concede that subpoenas were served on both expert witnesses for which defendants sought costs.

Judge JACKSON concurring in the result.

Appeal by plaintiffs from order entered on or about 8 March 2007 by Judge Albert Diaz in Superior Court, Transylvania County. Heard in the Court of Appeals 1 November 2007.

*Long, Parker, Warren, & Jones, P.A., by Steve Warren, for plaintiff-appellants.*

*Roberts & Stevens, P.A. by James W. Williams and Ann-Patton Nelson for defendant-appellees.*

STROUD, Judge.

Plaintiffs appeal from an order awarding costs to defendants. We conclude that plaintiffs have not shown that the trial court abused its discretion when it awarded costs to defendants. Accordingly, we affirm.

I. Background

Pansy Ferguson Greene ("Greene") died on or about 5 September 2001. The executors of Greene's estate filed a medical malpractice complaint on 18 July 2002, alleging that her death had been caused by the negligence of defendants and seeking compensation for wrongful death. Defendants filed an answer on or about 17 September 2002, denying the material allegations in the complaint.

The action was tried before a jury at the 23 October 2006 civil session of Superior Court, Transylvania County. Pursuant to the jury's verdict in defendants' favor, the trial court dismissed the action with prejudice by judgment entered 7 November 2006.

Defendants moved for costs on or about 20 December 2006. The trial court awarded costs to defendants in the amount of $14,218.28 by order entered on or about 8 March 2007. From that order, plaintiffs appeal.

## II. Analysis

### A. Deposition-Related Expenses

Plaintiffs contend that the trial court erred by awarding deposition expenses as costs. Plaintiffs rely on *Oakes v. Wooten*, 173 N.C. App. 506, 620 S.E.2d 39 (2005) to contend that an award of deposition expenses is improper as a matter of law. Defendants rely on *Morgan v. Steiner*, 173 N.C. App. 577, 619 S.E.2d 516 (2005), *disc. review denied*, 360 N.C. 648, 636 S.E.2d 808 (2006), to contend that an award of deposition costs is within the discretion of the trial court, and that the trial court did not abuse its discretion in awarding deposition costs to defendants.[1]

We review an award of deposition costs for abuse of discretion. *Vaden v. Dombrowski*, 187 N.C. App. 433, 437, 653 S.E.2d 543, 545 (2007). "An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998). In the case *sub judice*, "[t]he trial court's decision to award these costs was supported by the common law," *Vaden*, 187 N.C. App. at 439-40, 653 S.E.2d at 547, and by documentation for each cost. We find no abuse of discretion in the trial court's award of deposition costs.

### B. Expert Witness Costs

Plaintiffs contend that the trial court erred when it awarded costs for expert witnesses to defendants. Specifically, plaintiffs rely on the

---

1. We acknowledge that this Court's opinions have been inconsistent with regard to deposition costs. *Compare Oakes*, 173 N.C. App. at 520, 620 S.E.2d at 48 (holding that deposition expenses are not an allowable cost), *with Morgan*, 173 N.C. App. at 581, 619 S.E.2d 519 (holding that deposition expenses are an allowable cost). As we noted in *Vaden*, 187 N.C. App. at 438-39, 653 S.E.2d at 546 nn.3-4, the legislature amended N.C. Gen. Stat. § 7A-305, effective for motions filed on or after 1 August 2007, to expressly allow deposition costs in the discretion of the trial court. N.C. Gen. Stat. § 7A-305(d)(11) (2007).

GREENE v. HOEKSTRA

[189 N.C. App. 179 (2008)]

2003 rewrite of Rule 45[2] to contend that the trial court is barred from taxing the cost of an expert witness against a party unless the witness has appeared in obedience to a subpoena *and* the subpoena has been served on the party.

We agree that the cost of an expert witness cannot be taxed unless the witness has been subpoenaed. *Vaden,* 187 N.C. App. at 440, 653 S.E.2d at 547; N.C. Gen. Stat. § 7A-314 (2005). We also agree that the North Carolina Rules of Civil Procedure require witness subpoenas to be served on the parties to the action. N.C. Gen. Stat. § 1A-1, Rule 45 (b)(2) (rewritten effective 1 October 2003). However, plaintiffs' reliance on rewritten Rule 45 to oppose the order awarding expert witness fees against them is misplaced. The public policy underlying the rule allowing payment of witnesses is that a witness should be compensated for what he is obligated by the State to do. *See State v. Johnson,* 282 N.C. 1, 27, 191 S.E.2d 641, 659 (1972) (citing *State v. Means,* 175 N.C. 820, 822, 95 S.E. 912, 913 (1918)); N.C. Gen. Stat. § 7A-314. If a witness appears voluntarily, then he is entitled to no compensation. *Johnson,* 282 N.C. at 27, 191 S.E.2d at 659. Subject to the protections of Rule 45(c), the obligation to appear as a witness is perfected when the subpoena is served on the witness. N.C. Gen. Stat. § 1A-1, Rule 45(e)(1). Therefore the right to compensation depends on the subpoena being served on the witness, and is not dependent on service of a copy of the subpoena on the opposing party. It follows therefore, in determining whether the trial court is barred by the lack of a subpoena from awarding the costs of an expert witness, that it is the service of the subpoena on the witness, not the service of the subpoena on the opposing party, which is dispositive. *Town of Chapel Hill v. Fox,* 120 N.C. App. 630, 632, 463 S.E.2d 421, 422 (1995). Plaintiffs concede that subpoenas were served on both expert witnesses for which defendants sought costs.

In sum, we find no abuse of discretion in the trial court's award of either deposition costs or of expert witness costs. Accordingly, the trial court's order awarding costs to defendants is affirmed.

AFFIRMED.

Judge TYSON concurs.

---

2. "A copy of the subpoena . . . shall also be served upon each party . . . ." N.C. Gen. Stat. § 1A-1, Rule 45(b)(2) (Rule 45 was rewritten effective 1 October 2003. Prior to the 2003 rewrite, Rule 45 did not require service of witness subpoenas on the parties to the action.)

Judge JACKSON concurs in the result by separate opinion.

JACKSON, Judge concurring in the result.

Although I concur in the result reached by the majority in this case, I respectfully disagree with the analysis employed with respect to the expert witness fees. Specifically, I cannot agree with the majority opinion's statement that "in determining whether the trial court is barred by the lack of a subpoena from awarding the costs of an expert witness, . . . it is the service of the subpoena on the witness, not the service of the subpoena on the opposing party[,] which is *dispositive*." (Emphasis added). I, therefore, write separately to express my concern that the majority opinion diminishes the significance of or eliminates altogether the issue of prejudice to the opposing party from the lack of service of a witness subpoena.

Prejudice, however, should be a relevant factor in determining whether the trial court abused its discretion. As defendants correctly note in their appellee brief, "[t]he essential purpose of the requirement under N.C.R. Civ. P. 5 that all papers be served on all parties is undoubtedly to prevent prejudice or surprise." Without a copy of a witness subpoena, the opposing party may be prejudiced by the loss of the opportunity to object. *See Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667 (D. Kan. 1998) ("While abuse of the subpoena process harms both opposing counsel and public confidence in the judicial system, the purpose behind the notice requirement is to provide opposing counsel an opportunity to object to the subpoena." (internal citation omitted)). Indeed, some federal courts have ordered the party issuing the subpoena to a witness to pay the opposing party's costs when the party fails to comply with the federal notice requirements. *See Murphy v. Bd. of Educ. of Rochester Sch. Dist.*, 196 F.R.D. 220, 222-23 (W.D.N.Y. 2000) (ordering the payment of attorney's fees and costs where plaintiff's counsel issued twelve subpoenas without prior notice to the opposing parties). Although the federal notice requirement differs from the state requirement,[3] the issue of prejudice still should be a factor in determining whether a trial court abuses its discretion in awarding witness expenses when the opposing party was not served with a copy of the subpoena as mandated by Rule 45(b)(2).

---

3. Pursuant to Federal Rule 45, notice to the opposing party is only required when "the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial." Fed. R. Civ. P. 45(b)(1).

COULTER v. CATAWBA CTY. BD. OF EDUC.

[189 N.C. App. 183 (2008)]

Although the majority correctly concludes that plaintiffs' failure to serve a copy of the subpoenas on plaintiffs did not deprive the trial court of the authority to award witness expenses, service of the subpoenas on the witness should not be "dispositive." Instead, in exercising its discretion with respect to awarding expenses, the trial court should consider—in addition to whether the witness was served properly—whether the failure to serve the opposing party pursuant to Rule 45(b)(2), like most other procedural irregularities, prejudiced the opposing party. *See, e.g., Beck v. Voncannon*, 237 N.C. 707, 713, 75 S.E.2d 895, 900 (1953) (discussing a defect in a summons and noting that "[a]s to the procedural irregularities alleged by the plaintiffs, they have shown no prejudice in law resulting therefrom.").

Ultimately, in the instant case, plaintiffs fail to argue, and the record fails to demonstrate, that plaintiffs were prejudiced by defendants' violation of Rule 45(b)(2). In fact, plaintiffs stipulated that (1) pursuant to a consent discovery order, the witnesses were identified and designated by defendants as expert witnesses who would testify at trial; and (2) defense counsel provided plaintiffs with at least one-day advance notice of the witness's trial appearance. Therefore, I agree that the trial court's order should be affirmed, and accordingly, I respectfully concur in the result.