POINT INTREPID, LLC AND ADVANCED INTERNET TECHNOLOGIES, INC.,
PLAINTIFFS v. ROBYN FARLEY, DEFENDANT

No. COA10-1617

(Filed 16 August 2011)

**1. Appeal and Error—preservation of issues—failure to object**

Plaintiffs did not preserve for appeal an argument concerning the shifting of discovery fees where they did not obtain a ruling from the trial court on the issue.

**2. Costs—expert fees—ex parte contact**

The trial court did not abuse its discretion by requiring plaintiffs to pay the balance of an independent expert's fees despite *ex parte* contact between the expert and opposing counsel where the trial court decided that the contact did not bias the witness.

**3. Costs—independent expert fees—reasonableness**

The trial court did not abuse its discretion by requiring plaintiffs to pay the balance of the fee of an independent expert witness where plaintiffs contended that the fee was unreasonable. Despite evidence to the contrary, there was competent evidence that the invoice was reasonable. The rejection of plaintiffs' expert testimony on reasonableness did not mean that the testimony was not considered or that the trial court's decision was not supported by competent evidence.

**4. Costs—expert—expenses for recovering fee**

An award for attorney fees and additional expenses expended by an expert witness in seeking recovery of its fees was reversed. The relevant statutes on reimbursement of expert witnesses do not mention attorney fees, the witness was not entitled to compensation for appearing in court voluntarily, and compensation does not extend to travel expenses.

Appeal by Plaintiffs from Orders entered 8 September 2010 and 22 September 2010 by Judge Gregory A. Weeks in Cumberland County Superior Court. Heard in the Court of Appeals 11 May 2011.

*A. Bikash Roy for Plaintiffs-appellant.*

*Winslow Wetsch, PLLC, by Laura J. Wetsch, for Defendant-appellee.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Thomas M. Buckley, for third-party appellee.*

HUNTER, JR., Robert N., Judge.

Point Intrepid, LLC ("Point Intrepid") and Advanced Internet Technologies, Inc. ("AIT") (collectively "Plaintiffs") appeal from Orders directing AIT to pay third-party appellee Forward Discovery's invoice, attorneys' fees, and additional expenses. We affirm, in part, and reverse, in part.

## I. Facts and Procedural History

This case arises from an employment dispute between Plaintiffs and Robyn Farley ("Farley"), a former employee of AIT. While the parties settled the litigation relating to the underlying employment dispute, this appeal originates from a disagreement over payment of third-party expert fees incurred during the parties' litigation. Plaintiffs agreed in court to pay the entire cost of the third-party expert, but subsequently refused full payment. Plaintiffs appeal the trial court's Orders mandating their payment of the balance of the expert's invoice, attorneys' fees, and additional expenses.

AIT is a North Carolina corporation in the business of hosting websites and providing internet technology-related services. Point Intrepid is a North Carolina company that acts as the benefits and payroll administrator for AIT, its subsidiaries, and affiliates.

On 6 June 2008, Farley was hired by AIT as a Database Administrator/Engineer. Farley's employment at AIT was terminated on 26 February 2009 following allegations of her unauthorized access of her supervisor's computer. Plaintiffs brought suit against Farley for, *inter alia*, breach of contract and breach of fiduciary duty. Farley made numerous counter-claims, including wrongful discharge and defamation. The case was heard at the 19 November 2009 session of the Superior Court of Cumberland County, Judge Gregory A. Weeks presiding.

During a motions hearing, Judge Weeks entered a discovery order on 3 December 2009 requiring AIT to produce "all documents supporting and negating AIT's decision to determinate [sic] Farley's employment." Because AIT wanted to use an expert to protect its proprietary information and avoid inadvertent disclosure of customer banking information, AIT filed a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b). Specifically, AIT requested that an independent third-

party expert, either designated by the court or by agreement between the parties, analyze the hard drives "with the costs to be shared equally by the parties." At a 7 December 2009 hearing for this Motion, Farley conceded to the appointment of an independent third-party expert, but proposed that AIT pay all expenses for the expert. AIT agreed to incur the costs for third-party analysis of its hard drives, and explicitly stated, "[W]e will incur [the costs] voluntarily and a hundred percent, we will incur it."

On 4 January 2010, the trial court entered an Order requiring the parties to agree to a third-party expert within five business days. Pursuant to the Order, the expert would analyze AIT's hard drives and report the results. Significantly, the Order provided that "[t]he third-party expert may communicate separately with each party, but shall maintain a complete record of all such communications, which shall be made available to the court or either party upon request." The Order also stated, "AIT shall promptly pay all fees and expenses of the third-party expert selected to perform the work identified in this Order, consistent with the third party expert's quote which is incorporated in this Order by reference."

On 11 January 2010, the parties informed the trial court that they were unable to agree on an expert. Farley proposed as an expert Ryan Johnson ("Johnson") of Forward Discovery, Inc. ("Forward Discovery"). Johnson provided an estimate of $10,250 per hard drive ($20,500 total), for the requested work. AIT suggested as an expert Charles Moreton, of Computer Trauma Center, who stated the cost of the work would not exceed $2,200. The trial court, in a 14 January 2010 Order, selected Johnson of Forward Discovery, the expert proposed by Farley. The trial court held that Johnson's estimate of $20,500 would serve as a cap on the work to be performed.

Pursuant to an agreement between the parties, Johnson did not begin his work until late March 2010 to allow the parties time to mediate the underlying claims. Farley's attorney e-mailed Johnson on 19 March 2010 to inform him that mediation had failed and that he could begin his work. AIT's attorneys were included on the e-mail. This prompted an exchange of contentious e-mails in which AIT's attorney expressed his disapproval of this unilateral request by Farley's attorney that Johnson begin his court-ordered work. On 22 March 2010, Farley's attorney called Forward Discovery about these e-mails, on which Johnson had been copied, and Johnson advised her that because the matter seemed "contentious," it might be best to arrange

a conference call between all the parties. Forward Discovery logged this phone call with Farley's attorney pursuant to the trial court's Order, but admits it failed to log two instances where Farley's attorney called Forward Discovery's office for driving directions.

In early May 2010, Forward Discovery completed its court-ordered work, and it sent an invoice to AIT in early June 2010. The invoice listed a total amount of $22,650.12 due by 9 July 2010, exceeding the court-ordered limit of $20,500. AIT refused to pay the entire amount, and requested clarification of the services provided. In an e-mail exchange with AIT's attorney, Johnson provided the requested clarification. On 30 July 2010, AIT paid Johnson $10,250, half of the court-ordered limit.

On 9 August 2010, Plaintiffs filed a Motion to Limit Expert Fees. Plaintiffs argued that Forward Discovery's estimate and invoice were unreasonable, that AIT had already paid a reasonable fee for Forward Discovery's work, and that Johnson should show cause as to why the trial court should not consider the estimate and invoice unreasonable. The next day, on 10 August 2010, Forward Discovery filed a Motion to Show Cause why AIT should not be held in contempt of court for failing to pay the balance of Forward Discovery's invoice and requested sanctions against AIT for failure to comply with the trial court's discovery order. Forward Discovery's Motion called for AIT to pay the fees Forward Discovery incurred for its court-ordered work, as well as attorneys' fees, interest, and monetary sanctions for its collection efforts. Both parties appeared for a hearing on these motions on 30 August 2010 before Judge Gregory A. Weeks in Cumberland County Superior Court. Johnson voluntarily attended the 30 August 2010 hearing; he was not required to appear by subpoena.

On 8 September 2010, the trial court entered an Order denying Plaintiffs' Motion and granting Forward Discovery's Motion. Specifically, the trial court found the invoice for Forward Discovery's services to be reasonable under N.C. Gen. Stat. § 8C-1, Rule 706 and required AIT to pay the balance of the invoice ($12,400.12). On 13 September 2010, the trial court held an additional hearing to rule on Forward Discovery's claim for attorneys' fees and additional expenses. The trial court entered an Order on 22 September 2010 requiring AIT to pay Forward Discovery $3,762.50 for attorneys' fees and $2,375.00 for additional expenses (a total of $6,137.50).

AIT and Farley resolved the underlying employment dispute on 4 October 2010, manifested in a Settlement Agreement and Release

("Settlement Agreement"). Pursuant to the Settlement Agreement, AIT filed a Notice of Voluntary Dismissal on 8 October 2010. This voluntary dismissal was with prejudice to all claims, except with regard to "the Plaintiffs' right to appeal the Order of the Court entered on September 8, 2010 and the Court's further Order entered on September 22, 2010," which were dismissed without prejudice.

Plaintiffs timely entered notice of appeal from the trial court's 8 September 2010 Order requiring payment of the balance of Forward Discovery's invoice and the 22 September 2010 Order requiring payment of attorneys' fees and expenses (collectively the "September 2010 Orders").

## II. Jurisdiction and Standard of Review

This Court has jurisdiction to hear the instant appeal pursuant to N.C. Gen. Stat. § 7A-27(b) (2009). We review the trial court's Orders under an "abuse of discretion" standard. *Smith v. Barbour*, 195 N.C. App. 244, 253, 671 S.E.2d 578, 585 (2009) (citing *Sharp v. Sharp*, 116 N.C. App. 513, 533, 449 S.E.2d 39, 50, *disc. rev. denied*, 338 N.C. 669, 453 S.E.2d 181 (1994)). "Abuse of discretion occurs where the court's ruling is manifestly unsupported by reason or is so arbitrary it could not have been the result of a reasoned decision." *State v. Syriani*, 333 N.C. 350, 379, 428 S.E.2d 118, 133 (1993). A trial court does not reach a reasoned decision, and thus abuses its discretion, when its findings of fact are not supported by competent evidence. *Leggett v. AAA Cooper Transp., Inc.*, 198 N.C. App. 96, 104, 678 S.E.2d 757, 763 (2009) ("[T]he trial court's finding is supported by competent evidence, and does not constitute an abuse of discretion.").

Findings of fact are conclusive on appeal if they are supported by competent evidence. *Powers v. Tatum*, 196 N.C. App. 639, 648, 676 S.E.2d 89, 95 (citation omitted), *disc. rev. denied*, 363 N.C. 583, 681 S.E.2d 784 (2009). Additionally, "findings of fact to which [the appellant] has not assigned error and argued in his brief are conclusively established on appeal." *Static Control Components, Inc. v. Vogler*, 152 N.C. App. 599, 603, 568 S.E.2d 305, 308 (2002). The trial court's legal conclusions receive *de novo* review. *State v. Newman*, 186 N.C. App. 382, 386, 651 S.E.2d 584, 587 (2007).

## III. Analysis

On appeal, Plaintiffs argue the trial court erred in ordering them to pay the balance of Forward Discovery's invoice, attorneys' fees, and additional expenses. Specifically, Plaintiffs contend the trial

court should not have allowed recovery of the balance of the Forward Discovery invoice for its hard drive analysis, since improper communications occurred between Johnson and Defendant's counsel and there was no competent evidence that Forward Discovery's fees were reasonable. Plaintiffs further argue that North Carolina statutes and case law do not permit recovery of attorneys' fees and additional expenses on the facts of this case. We affirm, in part, and reverse, in part.

## A. Right to Appeal

[1] Preliminarily, we address Defendant's procedural rebuttal to Plaintiffs' claims. Defendant argues that AIT lost its right to appeal when it filed a voluntary dismissal with prejudice pursuant to the parties' Settlement Agreement. We disagree.

Generally, a voluntary dismissal, even without prejudice, "terminates a case and precludes the possibility of an appeal." *Dodd v. Steele*, 114 N.C. App. 632, 636, 442 S.E.2d 363, 366 (citing *Lloyd v. Carnation Co.*, 61 N.C. App. 381, 384, 301 S.E.2d 414, 416 (1983)), *disc. rev. denied*, 337 N.C. 691, 448 S.E.2d 521 (1994). However, a voluntary dismissal of claims does not necessarily act as a bar against other related but independent claims; as our state's Supreme Court has stated, "[d]ismissal does not deprive the court of jurisdiction to consider collateral issues such as sanctions that require consideration after the action has been terminated." *Bryson v. Sullivan*, 330 N.C. 644, 653, 412 S.E.2d 327, 331 (1992); *see Dodd*, 114 N.C. App. at 634, 442 S.E.2d at 365 ("Furthermore, neither the dismissal of a case nor the filing of an appeal deprives the trial court of jurisdiction to hear Rule 11 motions."); *VSD Commc'ns, Inc. v. Lone Wolf Publ'g Group, Inc.*, 124 N.C. App. 642, 644, 478 S.E.2d 214, 216 (1996) (noting that after a voluntary dismissal, motions for attorneys' fees "have a life of their own").

Still, under our Rules of Appellate Procedure, for a party to raise an issue on appeal, it

> must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.

N.C.R. App. P. 10(a)(1) (2011); *see Lake Colony Constr., Inc. v. Boyd*, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___, 2011 WL 2200607, at *10

(No. 10-959) (June 7, 2011) (explaining that, pursuant to N.C.R. App. P. 10(a)(1), appellant failed to preserve an issue for appellate review where the appellant did not raise the issue in the trial court).

In the present case, the voluntary dismissal of claims against Farley does not negate Plaintiffs' right to appeal the September 2010 Orders. Although the overall dismissal was with prejudice, the Notice of Voluntary Dismissal provides the following exception:

> This dismissal . . . is without prejudice to the Plaintiffs' right to appeal the Order of the Court entered on September 8, 2010 and the Court's further Order entered on September 22, 2010. The foregoing is with Defendant Robyn Farley's consent,, [sic] pursuant to the terms of the mediated settlement agreement between all parties.

Additionally, the Settlement Agreement specifically stated that AIT "preserv[ed] its right to appeal from the Orders entered by the Honorable Gregory Weeks on September 8, 2010 and September 22, 2010." Thus, Plaintiffs may maintain their appeal of the September 2010 Orders.

Nonetheless, we agree with Defendant that Plaintiffs have not preserved the right to appellate review of their fee-shifting argument, whereby Plaintiffs contend that because Defendant engaged in improper communications with Johnson, the burden for paying Forward Discovery's fees should be shifted to Defendant. In its carve-out preserving Plaintiffs' right to appeal the September 2010 Orders, the Settlement Agreement does not address the fee-shifting argument. Additionally, neither AIT's Motion nor the trial court's Orders make any mention of a fee-shifting claim.

Thus, pursuant to North Carolina Rule of Appellate Procedure 10(a)(1), we conclude that Plaintiffs did not preserve the fee-shifting argument because they did not obtain a ruling from the trial court on the issue.

## B. Allegations of Improper *Ex Parte* Communications

[2] Plaintiffs argue the trial court erred and abused its discretion by requiring AIT to pay the balance of Forward Discovery's invoice because improper communications occurred between Johnson and Farley's counsel. We disagree.

Improper *ex parte* communication can occur when contact between a litigating party and the expert inhibits the expert's ability

to "provide the court with . . . unbiased information." *Bd. of Managers of Bay Club Condominium v. Bay Club of Long Beach Inc.*, 15 Misc. 3d 282, 286, 827 N.Y.S.2d 855, 858 (N.Y. Sup. Ct. 2007). Generally, "court-appointed witnesses should remain neutral and impartial in conducting their evaluations." *In re David W.*, 759 A.2d 89, 95 (Conn. 2000); *see State v. Adams*, 335 N.C. 401, 408-10, 439 S.E.2d 760, 763-64 (1994) (explaining in an analogous situation of *ex parte* communications between a judge and potential jurors that there is no reversible error when the communication is harmless). We examine the facts of the present case to determine whether Johnson's neutrality was impacted by any *ex parte* communications with Farley's counsel.

We find unpersuasive Plaintiffs' analogy to relevant case law from other jurisdictions, because the conduct here does not rise to the level of impropriety in the cases referenced by Plaintiffs. *See, e.g., Bd. of Managers of Bay Club Condominium*, 15 Misc. 3d at 284-85, 827 N.Y.S.2d at 857-58 (describing how the plaintiff's attorneys scheduled a meeting with the third-party expert without the defendant's knowledge and received documents from the expert beyond the scope of the expert's court-ordered work); *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp.*, 671 F. Supp. 2d 1203, 1227 (D. Nev. 2009) (explaining how the defendants invited the experts to their office and interviewed some of the experts "to ensure that the particular [experts] who were expected to be involved would be sufficiently knowledgeable and experienced"); *In re David W.*, 759 A.2d at 92 (noting, in a termination of parental rights case, the assistant attorney general's request to the court-appointed expert for an independent developmental assessment of the child constituted improper *ex parte* communication).

In the present case, the facts are significantly distinguishable from these cases. First, in the case at hand, the trial court's Order expressly permitted communications between the litigating parties and the court-appointed expert, and required Johnson to log such communications. Furthermore, we are not persuaded that the communications between Farley's counsel and Johnson were improper. For instance, Plaintiffs argue that a 22 March 2010 phone call between Farley and Johnson discussing the "contentious" nature of the case biased Johnson as a neutral third-party expert. We disagree.

Per the trial court's order, Johnson logged this phone call and described the call as follows:

[Defendant's counsel] called [Johnson]—related to the emails [sic] between the parties. [Johnson] advised that current matter was contentious and that a conference call with counsel would be beneficial to get everyone on the same page.

Wetsch advised that there was no agreement to further delay analysis.

[Johnson] noted that [Johnson] had received an e-mail from [Plaintiffs' counsel] at 9:46 but that [Johnson] hadn't fully read it—[Johnson] would read and respond as necessary.

[Johnson] phoned and left a message for [AIT's outside counsel]. No reply phone call.

We cannot reasonably conclude that Farley's counsel biased Johnson by discussing the fact that the case was contentious. The trial court itself has noted the contentiousness of this case,[1] and Johnson has been included in communications between the litigating parties that have displayed significant tension. We do not believe the call between Farley's counsel and Johnson was improper.

Plaintiffs additionally argue that an e-mail sent by Defendant's counsel to Johnson directing Forward Discovery to begin its work "caused great anguish within AIT because what Farley said and what she left unsaid conveyed the impression that Farley somehow spoke for the court to the exclusion of AIT." The e-mail to Johnson referenced by Plaintiffs, in its entirety, reads:

Lee [sic]—go ahead and do the analysis required by the Court's Order. As the parties did not resolve this matter today, this work needs to be completed as soon as reasonably possible. Let us know if you have any questions/concerns regarding the foregoing. FYI, I am copying Point Intrepid/AIT's new outside counsel (Lee Boughman and Vicki Burge) on this e-mail, as well.

Thanks! Hope your trip overseas was uneventful and enjoyable!

---

1. For instance, during the 7 December 2009 hearing, the trial court interrupted proceedings to read Rule 12 of the North Carolina General Rules of Practice for the Superior and District Courts, which is titled Courtroom Decorum. The trial court advised counsel for both parties that " '[a]ll personalities between counsel should be avoided. The personal history or peculiarities of counsel on the opposing side should not be alluded to. Colloquies between counsel should be avoided. . . . Abusive language or offensive personal references are prohibited.' "

We find Plaintiffs' argument unconvincing and believe the trial court did not abuse its discretion in deciding this e-mail did not bias Johnson as a neutral third-party expert.

In summary, we find no evidence of improper *ex parte* communications between Defendant's counsel and Johnson. The trial court thus did not abuse its discretion by requiring Plaintiffs to pay the balance of Forward Discovery's invoice.

### C. Reasonableness of Forward Discovery's Fees

[3] Plaintiffs next argue the trial court abused its discretion by requiring them to pay the balance of the Forward Discovery invoice because competent evidence does not support the reasonableness of Johnson's fee. We cannot agree.

Rule 706 of the North Carolina Rules of Evidence states, "Expert witnesses so appointed are entitled to reasonable compensation in whatever sum the court may allow." N.C. Gen. Stat. § 8C-1, Rule 706(b) (2009); *see Sharp*, 116 N.C. App. at 532-33, 449 S.E.2d at 49-50 (concluding trial court did not err in awarding expert witness fees *in excess* of amount agreed upon by the parties in a consent order). In deciding whether the trial court abused its discretion on this issue, we examine only whether the trial court's findings of fact as to the reasonableness of Forward Discovery's invoice are supported by competent evidence. *Leggett*, 198 N.C. App. at 104, 678 S.E.2d at 763.

In the present case, Forward Discovery presented to the trial court the affidavits of four experts in relevant fields supporting the reasonableness of its invoice. The four experts were: Christopher H. Chappell, a Task Force Agent with the FBI's North Carolina Cyber Crime Task Force; Stephen M. Bunting, a retired Captain in the University of Delaware Police Department who performed computer forensics investigations and has authored three books on this topic; Michael Weber, Founder and CEO of BitSec Global Forensics, Inc., a computer forensics company; and Susan McMinn, a Principal at Dixon Hughes, LLC with over 200 hours of computer forensics training. Each of these experts testified in their affidavits that Johnson took a reasonable amount of time in completing his court-ordered work.

Plaintiffs, in support of their argument that Johnson's fees are unreasonable, offered the testimony of Lawrence Daniel, a digital forensic examiner. Daniel had been certified in other trials as an expert in the field of digital forensic examination, and was accepted by the trial court in this case as an expert. Daniel testified that

Johnson's quote was unreasonable, citing that Daniel had "performed hundreds of examinations, many much more complicated than this and never came close to that number of hours for that amount of data." Daniel also testified the entire job should have taken Johnson approximately 18 hours and Daniel would have charged $250 per hour for similar services.

Plaintiffs' offer of this evidence does not negate the fact that the trial court's conclusion that Johnson's fees were reasonable was based upon competent evidence and therefore binding. *Barnhardt v. City of Kannapolis*, 116 N.C. App. 215, 224-25, 447 S.E.2d 471, 477 ("[W]here the trial court sits without a jury, the court's findings of fact are conclusive if supported by competent evidence, even though other evidence might sustain contrary findings."), *disc. rev. denied*, 338 N.C. 514, 452 S.E.2d 807 (1994).

Plaintiffs argue that because the trial court rejected Daniel's testimony without explanation in its 8 September 2010 Order, the court abused its discretion by not considering this evidence. In its 8 September 2010 Order, the trial court "reject[ed] the testimony of Plaintiffs' expert, Mr. Lawrence Daniels [sic] to the effect that Ryan Johnson spent more hours than were reasonable in light of the tasks required by the Court's orders." However, "[c]redibility, contradictions, and discrepancies in the evidence are matters to be resolved by the trier of fact, here the trial judge, and the trier of fact may accept or reject the testimony of any witness." *Smith v. Smith*, 89 N.C. App. 232, 235, 365 S.E.2d 688, 691 (1988); *see also Fox v. Fox*, 114 N.C. App. 125, 134, 441 S.E.2d 613, 619 (1994) ("The trial judge is the sole arbiter of credibility and may reject the testimony of any witness in whole or in part.").

Moreover, we do not believe the trial court's 8 September 2010 Order ignores the evidence presented by Plaintiffs. In its deliberation of the reasonableness of Forward Discovery's invoice, the trial court was presented with conflicting evidence from qualified experts from both parties. The trial court necessarily had to select one expert, and the rejection of the other party's expert does not indicate the trial court's decision was not supported by competent evidence. *See Barnhardt*, 116 N.C. App. at 224-25, 447 S.E.2d at 477. The trial court's rejection of Daniel's testimony does not imply that his testimony was not considered.

Case law cited by Plaintiffs does not support the proposition that the trial court must explicitly address all relevant evidence in its

Order. For instance, Plaintiffs cite *Langwell v. Albemarle Family Practice, PLLC* where we found the trial court abused its discretion when it entered an order setting aside a jury verdict and granting the plaintiff's motion for a new trial, because it did not address evidence presented by the plaintiff's expert. ___ N.C. App. ___, ___, 692 S.E.2d 476, 482 (2010). Nonetheless, *Langwell* is distinguishable from the present case because (1) in the current case, the trial court's Order refers to the testimony of Plaintiffs' expert, *see id.* at ——, 692 S.E.2d at 481-82, and (2) the cases possess differing evidentiary standards. Here, the trial court's Order must only be supported by competent evidence, whereas in *Langwell,* the trial court had to determine whether the jury verdict was against the greater weight of the evidence. *Id.* at ——, 692 S.E.2d at 480-81. Thus, the *Langwell* trial court was required to analyze and compare all available evidence to determine what verdict the greater weight of evidence supported. Conversely, in the present case the trial court's decision need only be supported by competent evidence, so it need not exhaustively address all available evidence in its Order. *See Fortis Corp. v. Ne. Forest Products, Div. of Hardwood Lumber Mfg. Co.,* 68 N.C. App. 752, 753, 315 S.E.2d 537, 538 (1984) ("The general rule is that in making findings of fact, the trial court is required only to make brief, pertinent and definite findings and conclusions about the matters in issue, but need not make a finding on every issue requested." (citation omitted)).

We conclude the affidavits from Forward Discovery's four experts presented competent evidence that Johnson's invoice was reasonable. Consequently, we find the trial court did not abuse its discretion on this issue.

## D. Attorneys' Fees and Travel Costs

[4] Plaintiffs also argue the trial court erred and abused its discretion by awarding Johnson attorneys' fees and additional expenses. We agree and reverse the trial court's decision on this issue.

Forward Discovery seeks to recover both the attorneys' fees and additional expenses it incurred in litigating the present case. By affidavit, Johnson stated that he spent "at least 2.5 hours trying to resolve the concerns AIT expressed with [his] invoice," "at least 4 hours providing counsel with the emails [sic], documents and other materials requested for review and Court preparation," and "3 hours traveling to and from the Courthouse for the Motion to Show Cause hearing and another 1.5 hours in attendance at said hearing." Johnson

also testified by affidavit that he had driven 174 miles to and from the hearing on Forward Discovery's Motion to Show Cause, and charged $0.50 per mile for a travel cost of $87.00. He also spent $12.60 in express mail fees for shipping his affidavit. The trial court included all of these expenses in its 22 September 2010 Order when it required Plaintiffs to pay Johnson $2,375 for expenses.

As discussed *supra*, expert witnesses appointed by the Court "are entitled to reasonable compensation in whatever sum the court may allow." N.C. Gen. Stat. § 8C-1, Rule 706(b) (2009); *see also* N.C. Gen. Stat. § 7A-314(d) (2009) ("An expert witness, other than a salaried State, county, or municipal law-enforcement officer, shall receive such compensation and allowances as the court, or the Judicial Standards Commission, in its discretion, may authorize."). This reasonable compensation, however, is not without limitations.

For instance, this Court has previously held "[i]t is settled law in North Carolina that ordinarily attorneys [sic] fees are not recoverable either as an item of damages or of costs, absent express statutory authority for fixing and awarding them." *Baxley v. Johnson*, 179 N.C. App. 635, 640, 634 S.E.2d 905, 908 (2006) (quoting *Records v. Tape Corp. and Broad. System v. Tape Corp.*, 18 N.C. App. 183, 187, 196 S.E.2d 598, 602 (1973)) (quotation marks omitted). Additionally, our Supreme Court has held "in the absence of express statutory authority, attorneys' fees are not allowable as part of the court costs in civil actions." *City of Charlotte v. McNeely*, 281 N.C. 684, 695, 190 S.E.2d 179, 187 (1972). If relevant statutes do not permit reimbursement of attorneys' fees, we may not award attorneys' fees even on equitable grounds. *Id.* at 691, 190 S.E.2d at 185. Significantly, N.C. Gen. Stat. § 8C-1, Rule 706, the relevant statutory authority on reimbursement of expert witnesses, makes no mention of attorneys' fees.

When an expert is appointed for court-ordered work, reasonable compensation is limited to reimbursement for performance of that work only. *See Swilling v. Swilling*, 329 N.C. 219, 226, 404 S.E.2d 837, 842 (1991) (describing that while an expert could recover his court-ordered appraisal of property in divorce proceedings, he could not recover a fee for testifying when he was not under subpoena). Reasonable compensation thus does not include restitution for expenses outside the court-ordered services provided by the expert, such as reimbursement for appearing at court when one is not under subpoena. *Peters v. Pennington*, ___ N.C. App. ___, ___, 707 S.E.2d 724, 741 (2011) ("[A] trial court may tax expert witness fees as costs

only when that witness is under subpoena."); *Greene v. Hoekstra*, 189 N.C. App. 179, 181, 657 S.E.2d 415, 417 (2008) ("[T]he cost of an expert witness cannot be taxed unless the witness has been subpoenaed."). If a witness appears at court voluntarily, that witness is not entitled to compensation for the appearance. *Hoekstra*, 189 N.C. App. at 181, 657 S.E.2d at 417.

Our General Statutes also clearly state expert witnesses are only compensated for time spent testifying at trial, and compensation does not extend to travel expenses:

> The following expenses, when incurred, are assessable or recoverable, as the case may be. The expenses set forth in this subsection are complete and exclusive and constitute a limit on the trial court's discretion . . . (11) Reasonable and necessary fees of expert witnesses *solely for* actual time spent providing testimony at trial, deposition, or other proceedings.

N.C. Gen. Stat. § 7A-305(d) (2009) (emphasis added). The exhaustive list of recoverable expenses in section 7A-305 makes no mention of travel costs. *Id.; see Jarrell v. Charlotte-Mecklenburg Hosp. Auth.*, ___ N.C. App. ___, ___, 698 S.E.2d 190, 193 n.1 (2010) (discussing how the plaintiffs could have contested the trial court's award of the experts' travel costs under N.C. Gen. Stat. § 7A-305(d)(11), but failed to do so on appeal).

In the present case, the trial court's 22 September 2010 Order expressly requires Plaintiffs to pay "attorneys' fees ($3,762.50) and expert fees ($2,375.00)" for a total of $6,137.50 in addition to the balance of the Forward Discovery invoice. We believe these additional fees are not "reasonable compensation" under N.C. Gen. Stat. § 8C-1, Rule 706.

First, Johnson cannot recover attorneys' fees because Rule 706 does not explicitly mention attorneys' fees as a recoverable expense. *See McNeely*, 281 N.C. at 691, 190 S.E.2d at 185. Unless attorneys' fees are explicitly mentioned by statute, they are not recoverable as court costs in civil actions. *Id.* Consequently, the trial court erred in awarding attorneys' fees to Forward Discovery in the present case.

Furthermore, we conclude Johnson cannot recover additional expenses. These expenses were incurred independent of his court-ordered services (the review of AIT's hard drives), and thus they are not recoverable. *See Swilling*, 329 N.C. at 226, 404 S.E.2d at 842 (describing how an expert could only recover for expenses from

court-ordered services he performed). Since expert witnesses are only reimbursed for time actually spent in court under subpoena, N.C. Gen. Stat. § 7A-305(d)(11) (2009), Johnson cannot recover his travel expenses and costs associated with his efforts to recover the balance of the invoice. Additionally, Johnson's appearance at the 30 August 2010 hearing was voluntary, so he cannot recover for expenses associated with this hearing. *Greene*, 189 N.C. App. at 181, 657 S.E.2d at 417 (citing *State v. Johnson*, 282 N.C. 1, 27, 191 S.E.2d 641, 659 (1972)). Consequently, we find the trial court abused its discretion by awarding Johnson an additional $6,137.50 for attorneys' fees and additional expenses.

## IV. Conclusion

We conclude the trial court did not abuse its discretion by requiring Plaintiffs to pay the balance of Forward Discovery's invoice for the court-ordered services. However, we find Plaintiffs cannot be required to pay the attorneys' fees and additional expenses mentioned in the 22 September 2010 Order, and we reverse the trial court's Order regarding this issue.

Affirmed in part, reversed in part.

Judges STEELMAN and STEPHENS concur.